where cards are being played, not a private residence, etc.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. § 273; Dec. Dig. § 93.*]

3. STATUTES (§ 118*)—TITLE—SUBJECTS OF ACT.

Pen. Code, art. 388f, as added by Acts 1907, c. 49, prohibiting persons from knowingly going into and remaining at a place where a game of cards is being played other than at a private residence occupied by a family, was not in violation of Const. art. 3, § 35, in that the subject was not embraced in its title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 158; Dec. Dig. § 118.*]

4. CONSTITUTIONAL LAW (§§ 82, 206, 207, 212, 258*) — STATUTES — GAMING — CONSTITUTIONAL AND STATUTORY PROVISIONS.

Pen. Code, art. 388f, as added by Acts 1907, c. 49, prohibiting persons from going into and remaining at a place where a game of cards is being played, other than at a private residence occupied by a family, is not unconstitutional as violating Const. art. 1, § 3, providing that all men when they form a social compact have equal rights, etc., nor was it violative of article 4, § 2, nor of section 1 of the fourteenth amendment of the federal Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 684, 748; Dec. Dig. §§ 82, 206, 207, 212, 258.*]

Appeal from Karnes County Court; A. J. Parker, Judge.

Bismark Barfield was convicted of going into and remaining at a place where a game of cards was being played, which was not at a private residence kept by a family, etc., and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was charged by complaint and information with unlawfully and knowingly going into and remaining at a place where a game of cards was being played which was not at a private residence occupied by a family, and that he knew that said game was being played, was convicted, and his fine assessed at $25. The prosecution and conviction was under Pen. Code, art. 388f, as added by Acts 1907, p. 109.

The county court convened on August 16, and adjourned on September 4, 1909. The trial was had on August 19, 1909. The motions for new trial and in arrest of judgment were both overruled on August 24, 1909, at which time the court entered an order "giving 30 days in which to file statement of facts and bills of exceptions." The statement of facts and bills of exception were not filed until October 4, 1909, more than 30 days after the final judgment, and 29 days after the adjournment of court.

[1] It has been the uniform holding of this court that in county court cases, where there is no court stenographer, the county court has no power or authority to grant a longer time than 20 days to file statement of facts and bills of exception. It has also been the uniform holding of this court not to consider

statements of facts or bills of exception when filed after 20 days, as above stated. It is unnecessary to cite the cases on either of these propositions.

[2, 3] 1. By his motion for new trial and in arrest of judgment, appellant contends: First, that the information does not set out any offense against the laws of Texas; second, that article 388f of the said act of the Thirtieth Legislature is in violation of article 3, § 35, of the Constitution of Texas, because the subject of said article is not embraced in the title of said act of the Legislature. The complaint and information do correctly charge an offense in strict conformity to said article 388f. It has been repeatedly held by this court that the said act and article are not unconstitutional on the ground above stated. Parshall v. State, 138 S. W. 759, and cases therein cited. This case has not yet been published.

[4] 2. The next ground is that the said article 388f is unconstitutional because in violation of article 1, § 3, Const.

3. The next two grounds are because said article is in violation of article 4, § 2, and article 14, § 1, of the Constitution of the United States. It is our opinion that this act is not unconstitutional on any of these grounds.

4. None of the other questions raised can be considered without a statement of facts and bills of exception. This also includes the special charges requested.

The complaint and information being regular, and strictly in accordance with said article 388f, and the charge of the court submitting the case conforming thereto and being in accordance therewith, and there being no error pointed out, which we can consider, the judgment is affirmed.

---

WHITAKER et al. v. BROOKS et al.

(Court of Civil Appeals of Texas. Austin. May 17, 1911.)

BILLS AND NOTES (§ 491*) — JUDGMENT AGAINST INDORSERS — NONRESIDENCE OF PRINCIPAL OBLIGORS—BURDEN OF PROOF.

A holder of a note seeking to obtain a judgment against indorsers without suing the principal obligors, has the burden of proving that the residences of such obligors are unknown to him and cannot be ascertained by reasonable diligence on his part, and the testimony of his attorneys that neither of them knew the residence of the principal obligor is insufficient.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1644; Dec. Dig. § 491.*]

Appeal from Runnels County Court; R. S. Griggs, Judge.

Action by F. B. Brooks and another against W. F. Whitaker and another. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Stone & Wade, for appellants. W. D. Jennings and H. W. Bigler, for appellees.

KEY, C. J. Appellants were sued and held liable as indorsers upon a promissory note; the plaintiff alleging as an excuse for not suing the principal obligors (1) that they resided beyond the limits of the state; and (2) that, if such was not the fact, then their residences were unknown to the plaintiff or his attorneys, and could not be ascertained by the use of reasonable diligence.

We uphold appellants' contention that the proof fails to sustain either of the allegations referred to in reference to the residence of the principal obligors. The plaintiff did not testify in the case, and it was not shown by satisfactory proof that the makers of the note resided beyond the limits of the state; and there was not a vestige of testimony showing that their residences were unknown to the plaintiff in person, or that he had exercised any diligence in that regard. Both of the attorneys who represented the plaintiff testified as to certain efforts made by them to ascertain the residence of the makers of the note, including a statement made by W. F. Whitaker, one of the appellants, to the effect that he thought that the makers of the note lived in Knowles, N. M., and, if they were not there, he did not know where they were. Neither of the attorneys stated as a positive fact that he did not know the residence of the parties referred to. But, if such testimony had been given by the attorneys, it would not have been sufficient, because, in order to entitle him to a judgment against the indorsers upon the note without suing the principal obligors, the burden rested upon the plaintiff to allege and prove that the residences of such obligors were unknown to him, and could not be ascertained by reasonable diligence on his part.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.