## REPUBLIC SUPPLY CO. v. BARROW.
### No. 12414.

Court of Civil Appeals of Texas. Fort Worth.
Feb. 28, 1931.

Rehearing Denied April 18, 1931.

Fischer & Fischer, of Wichita. Falls, for appellant.

O. P. Engelking, of Electra, for appellee.

DUNKLIN, J.

The waiver of diligence on the part of the plaintiff to enforce collection of the note against the maker, embodied in the note sued on, having been overlooked on original hearing, the motion for rehearing is granted; the judgment heretofore rendered by this court is set aside, the opinion heretofore filed is withdrawn, and the opinion this day filed is filed as a substitute original opinion, and the appeal will be disposed of in accordance with the terms of that opinion.

#### Opinion.

The Republic Supply Company instituted this suit against H. O. Barrow, as indorser on a promissory note for the principal sum of $1,311.69, dated July 25, 1925, due 60 days after date with interest thereon at the rate of 8 per cent. per annum, and with 10 per cent. additional as attorneys' fees, which was executed by G. D. Lewis as maker, the Republic Supply Company being the payee of the note. G. D. Lewis, the maker of the note, was not made a party defendant; plaintiff's excuse for not suing him consisting of an allegation that after the execution of the note Lewis had moved out of the state, to the state of Colorado, during the year 1925, and that ever since he has been a resident of that state; and further that said Lewis is now insolvent.

Defendant Barrow presented a special exception to the plaintiff's petition by way of abatement of the suit, on the ground that it appeared therefrom that he was only secondarily liable on the note, and that Lewis, the maker of the note, was a necessary party defendant, and that the suit could not be maintained against him as the sole defendant.

In addition to a general denial, defendant also pleaded specially that he indorsed the note in Wichita county and at the time he did so Lewis then had certain oil well drilling supplies, consisting of tools and accessories which were owned by him and located in Wichita county, loaded and ready for shipment to Las Animas county, Colo., and that defendant was induced to indorse the note at the request of plaintiff's representative and Lewis, and in consideration of a parol agreement on the part of plaintiff, acting through said representative, to take a valid chattel mortgage on such supplies and duly record the same both in Wichita county, Tex., and Las Animas county, Colo.; that on the due date of the note, plaintiff would demand payment of the same from Lewis, and, in the event of his failure to pay the same, plaintiff would promptly enter suit to foreclose the chattel mortgage and have the property covered thereby sold under foreclosure proceedings, and the proceeds applied to the payment of the note; and that defendant's liability would not arise unless and until the proceeds of such sale should prove to be insufficient to satisfy the note, and that demand would be made upon the defendant for the balance only of the amount remaining unpaid; and that plaintiff further agreed that no demand would be made on the defendant for payment of the note until after such foreclosure proceedings.

The defendant further pleaded that a chattel mortgage was taken on such supplies which were of a value far in excess of the amount of the note, but that plaintiff failed and refused to take any legal steps to enforce payment of the note by Lewis by suing him either for personal judgment or for a foreclosure of the chattel mortgage in Colorado, where the mortgaged property had been transported. Plaintiff further pleaded that his indorsement of the note was for accommodation only, and without consideration. All the facts so pleaded were alleged as further ground for an abatement of the suit.

By supplemental petition and in reply to defendant's answer, plaintiff pleaded the insolvency of Lewis, with the further allegation that, ever since the execution of the note by Lewis, he and the personal property covered by the chattel mortgage have been in the

state of Colorado and beyond the jurisdiction of the courts of Texas.

This appeal has been prosecuted by the plaintiff from a judgment denying it the relief prayed for.

██ The trial was before a jury, and the following was the only issue submitted, with the finding of the jury thereon: "Do you find from a preponderance of the evidence that at the time defendant H. C. Barrow, signed his name on the back of the note in question, it was orally agreed by plaintiff with the defendant that the plaintiff would first resort to a foreclosure of the chattel mortgage lien on the drilling tools of G. D. Lewis, before calling upon defendant Barrow for a payment of the note sued on? Answer: Yes."

The proof showed that plaintiff had never taken any steps to sue Lewis either for a personal judgment or to foreclose the chattel mortgage, although the note sued on matured September 25, 1925, and this suit was instituted May 23, 1929. It is a rule universally recognized that in a suit to enforce an ordinary contract in writing, which does not involve title to land, testimony is admissible to show a contemporaneous parol agreement that the instrument was delivered with the understanding that it was not to become effective until the happening of a certain event. See decisions cited in Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097; 10 R. C. L. pp. 1053, 1054, §§ 249, 250. While the pleadings of defendant in this case were sufficient to tender the issue that at the time he indorsed and delivered the note to the plaintiff there was a parol agreement between him and the plaintiff's representative that he was not to become liable until there had been a foreclosure of the chattel mortgage and an application of the proceeds of the property under foreclosure sale to the payment of the note, and while the testimony of defendant was sufficient to sustain that allegation, yet there was no finding by the jury on that issue, nor was that issue presented or requested by the defendant, and any defense based thereon was therefore waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and authorities there cited.

Testimony introduced to establish the parol agreement found by the jury was objected to on the ground that its admission would be in violation of the parol evidence rule, since it would vary this provision in the body of the promissory note sued on; the note being indorsed in blank, without any qualification, by the defendant Barrow: "The sureties, endorsers, and guarantors severally waive presentment for payment, protest and notice of protest and nonpayment of this note and suit to fix their liability and diligence in enforcing its payment, and agree that time of payment may be extended without notice to them and without affecting their liability."

All assignments of error based upon the introduction of parol testimony of the character noted are sustained. 6 Texas Jurisprudence, par. 151, p. 784, par. 154, p. 787, and the decisions cited in footnotes to sustain the test.

For the same reason, such testimony could not be given the effect to establish the defense of failure of consideration. It follows, therefore, that the parol agreement found by the jury constituted no defense to plaintiff's suit.

██ But the plaintiff introduced no evidence to sustain the allegations in its pleadings, to the effect that G. D. Lewis, the maker of the note, was a nonresident of the state, residing in the state of Colorado, or was insolvent.

Article 1987, Rev. Civ. Statutes of 1925, reads: "The assignor, indorser, guarantor and surety upon a contract, and the drawer of a bill which has been accepted, may be sued without suing the maker, acceptor or other principal obligor, when the principal obligor resides beyond the limits of the State, or where he cannot be reached by the ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or actually or notoriously insolvent."

As a condition precedent to plaintiff's right to maintain the suit against the defendant, the burden was upon it to both plead and prove the facts already recited, which were alleged as a reason why the maker of the note was not made a party defendant to the suit. Whitaker v. Brooks (Tex. Civ. App.) 137 S. W. 921. And in the absence of any competent proof to sustain such allegations, the trial court erred in failing to abate the suit. Furthermore, that issue was not submitted to the jury nor did plaintiff request its submission, and it therefore waived any right to relief based thereon. Ormsby v. Ratcliffe, supra.

Accordingly, the judgment of the trial court decreeing that plaintiff was not entitled to recover on the merits of its suit, which was apparently predicated upon the verdict of the jury, must be set aside and vacated, and the judgment which the trial court should have rendered will be here entered, abating and dismissing the suit. All costs incurred in the trial court and in this court will be adjudged against appellant, plaintiff in the court below.

On Motion for Rehearing.

██ The provisions of the Negotiable Instruments Act, fixing the obligations of indorsers (Rev. St. 1925, art. 5936), which are so earnestly stressed by appellant, do not purport to change the common-law rule of practice to the effect that the principals who have executed such instruments are necessary parties defendants in suits to enforce their collection. Article 1987 of the Revised Civil Statutes of

478

1925 was enacted as an exception to that common-law rule. Furthermore, Article 1986, Rev. Statutes 1925, reads: "The acceptor of a bill of exchange, or a principal obligor in a contract, may be sued either alone or jointly with any other party who may be liable thereon; but no judgment shall be rendered against a party not primarily liable on such bill or other contract, unless judgment be also rendered against such acceptor or other principal obligor, except where the plaintiff may discontinue his suit against such principal obligor as hereinafter provided."

See, also, 6 Tex. Jur., pages 896–899, paragraphs 234 and 235.

Accordingly, the motion for rehearing is overruled.