**Garland Augusta WEST, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 4208.**

Court of Civil Appeals of Texas.

Waco.

June 11, 1964.

Guy H. McNeely, Wichita Falls, for appellant.

Stanley C. Kirk, Wichita Falls, for appellee.

WILSON, Justice.

The summary judgment appealed from denied appellant's petition under Sec. 22, Art. 6687b, Vernon's Ann.Tex.Civ.St., which sought to vacate the order of the Department of Public Safety suspending his operator's license upon an affirmative finding by a justice of the peace that he was an habitual violator of the traffic law. Jurisdiction of the district court was asserted under Art. 1970–166b, V.A.T.S. No constitutional question is raised.

The motion for summary judgment of appellee was based on the pleadings and an affidavit of the Deputy Custodian of Driver and Vehicle Records, Division of the Department of Public Safety. The affidavit recites that the operating record of appellant shows five separate listed convictions for speeding on specified dates in 1960 in five named counties, all of which are evidenced by notices of conviction certified to the Department by the convicting courts, in accordance with law. Attached to the motion as exhibits are copies of five notices of conviction signed by the Justices of the Peace in the same five counties, and bearing the same dates recited in the affidavit. These documents, as exhibited, are not certified copies. Appellant filed a verified special denial that he had been legally convicted four or more times as alleged. He also pleaded his license should not be suspended because it had been previously suspended for a year in 1962–1963.

Appellant does not here attack the sufficiency of the motion, affidavit or exhibits. He did not present any special exception to the trial court for action. He now says only that the judgment was improper in the face of his unpresented special exceptions and his verified special denial that he had been "legally" convicted four times. As to applicability of summary judgment procedure generally, see Texas Dept. of Public Safety v. King, Tex.Sup., 366 S.W.2d 215, 219.

In Youngstown Sheet & Tube Co. v. Penn, Tex.Sup., 363 S.W.2d 230, 234, it was held that although the exhibit attached to an affidavit in a motion for summary judgment was not a sworn or certified copy, if this matter was not raised by special exception in the trial court, it could not be first raised on appeal, where it fairly appeared no genuine issue of fact existed.

Appellant's pleading denying that he was "legally" convicted four or more times, though verified, was merely the assertion of a legal conclusion which did not present a fact issue. Wichita County Water Impr. Dist. v. Curlee, 120 Tex. 103, 35 S.W.2d 671, 673; Box v. Bates, 162 Tex. 184, 346 S.W. 2d 317, 319; 45 Tex.Jur.2d, Sec. 28, p. 408. Affirmed.