**S. Mort ZIMMERMAN, Appellant,**

**v.**

**Roland S. BOND, Appellee.**

**No. 16579.**

Court of Civil Appeals of Texas.

Dallas.

June 18, 1965.

---

Thompson, Knight, Wright & Simmons, Timothy E. Kelley, Norman R. Rogers, Goldberg & Alexander, Dallas, for appellant.

Roach & Robertson, John L. Roach, Dallas, for appellee.

WILLIAMS, Justice.

Appeal from a summary judgment in a suit on a promissory note. Appellee Roland S. Bond brought this suit alleging that on or about August 28, 1962, Blue Sewanee Development Corporation, as maker, and Albin P. Scott, William C. Huls and S. Mort Zimmerman, as endorsers, executed and delivered to Bond, as payee, a certain promissory note in the principal sum of $100,000. The suit named appellant S. Mort Zimmerman as the only defendant and no allegations were made excusing failure to join the maker of the note as a party defendant. Appellee alleged nonpayment of the note and demand upon all of said endorsers prior to filing suit. Appellant answered with a general denial following which appellee filed his motion for summary judgment. Thereafter appellant filed an amended answer and replied to the motion for summary judgment, supporting same with affidavits. In his amended answer, as well as plea in abatement, appellant contended that the maker of the note was a necessary party and that no action could be maintained against him, as endorser, in the absence of such party or proper pleading excusing the failure to sue the party primarily liable. The trial court overruled the plea in abatement and rendered summary judgment in favor of appellee.

Appellant inveighs against the judgment in three points of error the first two contending that the court erred in rendering judgment against him in the absence of suit against the maker of the note, or proper excuse for failure to do so, and the third point being that appellant's affidavits in opposition to the summary judgment created a genuine issue of material fact as to whether there was an accord and satisfaction of appellant's liability as an endorser on the note, and therefore summary judgment was improper. We sustain both of appellant's contentions and reverse the judgment.

Art. 1986, Vernon's Ann.Civ.St. provides, *inter alia,* that no judgment shall be ren-

dered against a party not primarily liable on a bill of exchange or other contract, unless judgment be also rendered against the principal obligor. Art. 1987, V.A.C.S. provides that one secondarily liable, such as an endorser, may be sued without suing the maker, when such principal obligor resides beyond the limits of the state, or where he cannot be reached by the ordinary processes of law, or when his residence is unknown and cannot be ascertained by use of reasonable diligence, or when he is dead, or actually or notoriously insolvent. Rule 31, Texas Rules of Civil Procedure provides: "No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in cases otherwise provided for in the law and these rules." Art. 6252, V.A.C.S. expressly extends the remedy provided for sureties to endorsers, guarantors, and others secondarily liable.

■ No suit was brought against the maker, Blue Sewanee Development Corporation, nor did appellee allege any of the grounds provided in Art. 1987, supra, which would excuse the filing of such suit against the party primarily liable. Either the bringing of the action, or alleging facts excusing failure to do so, is a condition precedent to an action against the endorser, secondarily liable.

The provisions of Art. 1987, V.A.C.S. were discussed by the court in Republic Supply Co. v. Barrow, Tex.Civ.App., 41 S.W.2d 475, wherein the court said:

> "As a condition precedent to plaintiff's right to maintain the suit against the defendant, the burden was upon it to both plead and prove the facts already recited, which were alleged as a reason why the maker of the note was not made a party defendant to the suit. Whitaker v. Brooks (Tex.Civ. App.) 137 S.W. 921. And in the absence of any competent proof to sustain such allegations, the trial court erred in failing to abate the suit."

Appellee concedes the statutory right of appellant but seeks to avoid the effect of same by contending that appellant waived such rights. Appellee, in his brief, directs attention to the fact that the note sued upon contains the following provision: "The makers, sureties, guarantors and endorsers of this note severally waive demand, presentment for payment, notice of dishonor, protest and notice of protest, diligence in collecting or in bringing suit against any party hereto * * *."

■ We do not think that appellant waived his rights under the statutes and rule above quoted. In the first place, when relied on, waiver must be specially pleaded. 60 Tex.Jur.2d § 12, p. 197; Middle States Petroleum Corp. v. Messenger, Tex.Civ. App., 368 S.W.2d 645; Young v. De La Garza, Tex.Civ.App., 368 S.W.2d 667. Appellee did not plead waiver as defense.

■ Aside from the question of lack of pleading, we hold, as a matter of law, that the waiver contained in the note is not broad enough to preclude appellant's assertion of his right under the articles of the statutes and rules heretofore set forth. An examination of the waiver reveals that the language is explicit in its meaning that the parties waive *"diligence * * * in bringing suit against any party hereto * * *."* (Emphasis supplied). So what is waived is *"diligence"* and not the actual institution of the suit against the party primarily obligated. There is a distinct difference between *diligence* in bringing a suit and the *actual institution* of a suit. In each case cited by appellee in support of his contention of waiver it is shown that suit was actually filed against the maker or excuses advanced for failure to do so. We have found no Texas case discussing the exact question but we believe that a proper interpretation of the language of the waiver provisions yields to no other conclusion than that it was the intention of the parties to waive only diligence in bringing the suit and not the actual institution thereof.

Appellee advances the argument that when the maker failed to pay the note on its due date that no further action was necessary to fix appellant's liability to appellee because the endorsers' secondary liability was then and there transformed to primary liability. This is not the law in Texas. As said by the Commission of Appeals in State Nat'l Bank of Ft. Worth v. Vickery, 206 S.W. 841, opinion adopted by the Supreme Court:

"The waiving of presentment for payment, protest, and notice does not increase the original liability of the indorser, but merely renders unnecessary the performance of these acts to fix such liability. The waiver is obviously for the benefit and to the advantage of the payee or holder."

The trial court erred in failing to sustain appellant's plea in abatement.

By his third point appellant contends that the affidavits attached to his answer to appellee's motion for summary judgment create an issue of fact which should have been submitted to a jury. In his affidavit appellant stated that he was the endorser on the note in question but that on July 15, 1963 he assigned and conveyed to Roland S. Bond his five per cent undivided interest in Bond's Ltd. Partnership No. 8, and that the consideration for such assignment was that S. Mort Zimmerman would be discharged in full from any and all obligations or liabilities as an endorser of the note in question. He further said that Roland S. Bond, Jr., as agent for Roland S. Bond, did agree and accept the assignment for the underlying consideration and thereupon did release Zimmerman from any and all obligation as an endorser on the note, by virtue of which said facts there had been a complete accord and satisfaction of the liability of Zimmerman to Bond on the note. Appellee does not contest the validity of appellant's position other than to seek to avoid the effect of appellant's affidavit by saying that the written assignment referred to by appellant in his affidavit was not attached thereto in accordance with Rule 166–A(e), T.R.C.P.

While it is true that Section (e) of Rule 166–A of Texas Rules of Civil Procedure provides that "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith," it is equally true that in order to take advantage of such omission an objection must be made in the trial court. In Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, the Supreme Court held that appellant had waived his right to complain of appellee's failure to attach or serve sworn or certified copies of documents referred to in his affidavit in opposition to summary judgment by his failure to object to such omission at the trial court level. To the same effect see Lotspeich v. Chance Vought Aircraft, Tex. Civ.App., 369 S.W.2d 705; West v. Texas Department of Public Safety, Tex.Civ.App., 380 S.W.2d 786; Employers Mutual Casualty Co. v. Lee, Tex.Civ.App., 352 S.W.2d 155; and Farmers & Merchants Compress & Warehouse Co. v. City of Dallas, Tex. Civ.App., 335 S.W.2d 854. In the light of these authorities we hold that appellee has waived his right to complain of the failure on the part of appellant to attach copies of the instrument to which he refers in his affidavit.

Appellant's affidavit is amply sufficient to create an issue of fact as to an accord and satisfaction between the parties. Appellee having failed to sustain his burden of establishing the absence of issuable facts as required by Rule 166–A, T.R.C.P., it necessarily follows that the trial court erred in sustaining his motion for summary judgment.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.