Mack **SHOTTS** d/b/a Mack Shotts Truck Stop, Appellant,

v.

George J. **PARDI**, Appellee.

No. 686.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 7, 1971.

**178**

Clayton R. Baird, Edinburg, for appellant.

Sid L. Hardin, Edinburg, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit to recover the proceeds of a check from the maker. The check was payable to George Schnell. Schnell endorsed the check to the plaintiff. Thereafter, the maker stopped payment. The maker-defendant answered and excepted to plaintiff's petition contending that the payee George Schnell was primary liable to the plaintiff and was therefore a necessary party. The trial court entered a "PRE-TRIAL ORDER" in which he sustained defendant's exception and gave leave to the plaintiff to amend his petition. No other order or judgment affecting the issues before the trial court or of the parties was entered by the trial court.

The plaintiff then filed his motion denominated "Rehearing". The trial court entered its order overruling "Motion of Plaintiff for Rehearing." It is from this order that plaintiff has attempted his appeal. The plaintiff has tendered a transcript in this Court which has been marked "received" by the Clerk. It is clear to us that the trial court has not entered a final judgment.

An appeal may be prosecuted only from a final judgment and to be final a judgment or order must dispose of all issues and all parties to the case. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966). The pretrial order did not dispose of the cause of action and therefore it was not appealable.

It has also been brought to our attention from the transcript, that the plaintiff sought and received an extension of time from the trial court in which to file his record in this Court. Extensions of time for perfecting appeals to the Court of Civil Appeals may not be granted by the trial court. Such extensions must be in compliance with Rule 386, Texas Rules of Civil Procedure. The tender here of the record long after the time prescribed under Rule 386, prevents this Court from obtaining jurisdiction, even had the attempted appeal been from a final order dismissing the suit.

The attempted appeal is dismissed.

SHARPE, J., not participating.