**Mack SHOTTS, d/b/a Mack Shotts Truck Stop, Appellant,**

v.

**George J. PARDI, Appellee.**

No. 730.

Court of Civil Appeals of Texas, Corpus Christi.

July 31, 1972.

Rehearing Denied Sept. 7, 1972.

Clayton R. Baird, Edinburg, for appellant.

Sid L. Hardin, Edinburg, for appellee.

## OPINION

NYE, Chief Justice.

This was a suit by holder of a check against the drawer after payment of the check had been stopped. The drawer filed exceptions to the plaintiff's petition, contending that the payee-indorser of the check was a necessary party to the suit. Upon the holder's refusal to make the payee-indorser a party, the trial court dismissed plaintiff's suit. Whereupon, the holder appealed to this Court.[1]

Mack Shotts, who operates a business under the name of Mack Shotts Truck Stop in the City of Edinburg, Hidalgo County, Texas, hereinafter referred to as plaintiff, brought suit against George J. Pardi who operates a produce business in Edinburg.

Pardi, hereinafter called defendant, was engaged in the business of growing, packing, shipping and selling fresh vegetables. The undisputed facts show that on or about the 20th day of February, 1970, the defendant in the course of his business contracted with one George Schnell, a driver of a truck belonging to Norman Jones, for the transportation of a shipment of cabbage and carrots from Edinburg, Texas, to the Kroger Company in Woodlawn, Ohio. Under the terms of the contract, Schnell agreed to deliver the cargo on time and in good condition to the consignee. The defendant issued his check as a down payment on the freight for transporting the produce from Edinburg, Texas to Woodlawn, Ohio. The check was made payable to George Schnell for the sum of $300.00 drawn on the defendant's account at the First State Bank of Uvalde, Texas. Immediately after Schnell received the check he indorsed the check unconditionally and cashed the same with plaintiff as payment for goods, wares and merchandise. Schnell failed to transport the cargo of produce as he agreed to do. Whereupon, the defendant stopped payment on the check. The plaintiff did, through regular banking channels, present the check to the defendant's bank for payment. The check was thereafter returned to plaintiff marked "payment stopped" thereon.

The plaintiff alleged that he was the holder in due course of said check for value; that the check was accepted by him in payment of goods and merchandise and that he had no notice, actual or constructive, of the drawer's intention of stopping payment on the check.

The defendant answered plaintiff's suit with a general denial and special exceptions alleging principally the failure to make George Schnell a party defendant to plaintiff's suit. The plaintiff answered contending that the indorser Schnell was not a necessary or indispensable party. The trial

---

[1]. This is the second appeal of this case. The first attempted appeal was dismissed as an appeal from an interlocutory order. Shotts v. Pardi, 472 S.W.2d 177 (Tex.Civ.App.—Corpus Christi 1971)

court, however, upon motion by the defendant, dismissed the plaintiff's suit.

The defendant states that the only issue involved in this case is whether or not the truck driver George Schnell, who unconditionally indorsed the check, is a necessary party to this suit and whether Schnell is liable to the plaintiff for payment of the check upon refusal by the defendant to honor the same and pay it. The trial court held that as a matter of law that Schnell, as original payee and indorser of the check, is a necessary and indispensable party to the suit.

Section 3.302 of the Uniform Commercial Code, V.T.C.A., outlines the requirement of a holder in due course. The plaintiff plead that he had complied with all of the increments of these legal requirements. As a holder in due course, the plaintiff argues that he took the instrument free of all defenses of any party to the instrument with whom he as holder had not dealt. The defendant admits that he executed the check and stopped payment of the same for the failure of the payee to deliver the produce. It is a well recognized rule of law that the defense of failure of consideration is not available against a holder in due course. Molter v. Equipment Discount Corp., 418 S.W.2d 262 (Tex.Civ.App.—San Antonio 1967). A holder in due course is entitled to recover against the drawer or maker, notwithstanding there may be a good defense to the instrument against the payee. The burden of proof is on the one who denies that the instrument is held in due course to establish this fact by a preponderance of the evidence. Cargill Inc. v. Continental Grain Company, 388 S.W.2d 247 (Tex.Civ.App.—Ft. Worth 1965); 9 Tex.Jur.2d, § 282, pp. 307–308. The defensive issues would necessarily be grounded on those sections of the Uniform Commercial Code that might be applicable. See §§ 3.302, 3.303 and 3.304 et seq. of the Uniform Commercial Code.

In a case very similar to the one before us, Full Gospel Assem. in Christ v. Montgomery Ward & Co., 237 S.W.2d 657 (Tex.Civ.App.—Amarillo 1951, wr. dism'd), the appellant church hired one McMillan to paint the church for an agreed consideration of $260.00. After the job was apparently completed, McMillan demanded his pay. The church authorities executed and delivered to him a check for the full amount. On the same day, McMillan took the check to appellees' place of business (Montgomery Ward) and received cash and merchandise for it. On the following Monday the church discovered that McMillan had painted the church with inferior materials and so they stopped payment on the check. Montgomery Ward brought suit against the church to recover the amount of the check. The appellant church contended that Montgomery Ward had accepted the check subject to the right of the church to stop payment on it for fraud, failure of consideration or other good cause. Montgomery Ward contended that the check was a negotiable instrument and that since it was a holder in due course it was entitled to recover the amount of the check even though the consideration between the church and McMillan had entirely failed. The judgment for Montgomery Ward was affirmed. The court held that a check is a bill of exchange drawn on a bank and payable on demand. Where such a check is made payable to order or bearer it is a negotiable instrument. Every holder of a negotiable instrument, which at the time of its acquisition is complete and regular on its face, is deemed to be a holder in due course. A holder in due course holds the instrument free of any defect of title of the prior parties and is free from the defenses available to prior parties among themselves. The question of McMillan as a party was not before the court. However, he was not a necessary party as we point out hereafter.

A drawer of a check is primarily liable. An indorser is secondarily liable. Indorsers are not necessary parties to a suit by the holder against the drawer or maker. See Austin v. Citizens' Bank, 10 S.W.2d 227 (Tex.Civ.App.—San Antonio

1928). Even if Schnell was jointly liable, the plaintiff could sue the defendant as a principal obligor since the indorser is neither an indispensable or necessary party to the action. See Swinford v. Allied Finance Company of Casa View, 424 S.W.2d 298 (Tex.Civ.App.—Dallas 1968).

Rule 39, Texas Rules of Civil Procedure,[1] entitled "Necessary Joinder of Parties", speaks of parties which fall into two or more categories. Those under subsection "(a)" "shall be made parties" and those under paragraph "(b)" "ought to be made parties," if complete relief is accorded between those who are already parties. The Supreme Court in considering the question of interpretation of necessary parties under this rule stated in Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup.1966):

> " . . . It is also at once apparent that 'persons having a joint interest' within the meaning of paragraph (a), properly interpreted, are indispensable parties, but that those who simply ought to be joined if complete relief is to be accorded between those already parties are not indispensable. The rule expressly confers discretion upon trial courts to proceed without joinder of persons in the second category if jurisdiction over them can be acquired only by their consent or voluntary appearance. If joinder of such persons is discretionary, their joinder cannot be essential to jurisdiction of a court to proceed to judgment."

■ It is correct that Schnell is a proper party. If on a final trial plaintiff recovers the proceeds of the check from the defendant, the defendant may at the same time be entitled to a judgment over against Schnell (if Schnell is served with citation). However, Schnell's joinder is not essential to the jurisdiction of the trial court to proceed to judgment in plaintiff's suit. Petroleum Anchor Equipment, Inc. v. Tyra, supra. See Seaman v. Neel, 466 S.W.2d 278 (Tex.Sup.1971) reversing 461 S.W.2d 659; Rule 39, T.R.C.P. The application of this rule either before and after its amendment does not affect our holdings herein.

■ It should be pointed out that Rule 30, T.R.C.P., is applicable to parties in this type of suit. This rule says "Assignors, indorsers and other parties not primarily liable upon any instruments named in the title of the Revised Civil Statutes of Texas, 1925, dealing with Bills and Notes, may be jointly sued with their principal obligors, or may be sued alone in the cases provided for in Articles 1986 and 1987 of such statutes." These two statutes which originated over one hundred years ago, state in effect that no judgment shall be rendered against a party not primarily liable unless judgment be also rendered against the principal obligor, . . . except that the plaintiff may discontinue his suit against the principal obligor under the terms of Article 1987, Vernon's Ann.Civ. St. Article 1987 states that an indorser may be sued without suing the maker or other principal obligor when the principal obligor resides beyond the limits of the state, or where he cannot be reached by the ordinary processes of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead or actually or notoriously insolvent. In other words, these statutes limit the right of a holder of an instrument to sue a person that is secondarily liable (such as an indorser) unless he also makes a person that is primarily liable, (such as the drawer or maker) a party to the same action; subject of course to the exceptions set forth in the preceding statutes. See 9 Tex.Jur.2d § 336, pp. 372 and 373.

In the case of Zimmerman v. Bond, 392 S.W.2d 149 (Tex.Civ.App.—Dallas 1965) suit was brought by a holder of a note against an indorser. The Court held that the maker was a necessary party to the suit and that no action could be maintained against an indorser absent such maker, or a proper pleading excusing the failure to

---

1. Rule 39 was amended to be effective January 1, 1971.

sue the party primarily liable.  Art. 1987, V.A.C.S.

In the case before us, the appellee and the trial court concluded that the case was controlled by Article 5936, § 66.  This was repealed by the enactment of the Uniform Commercial Code.  The U.C.C. section covering Art. 5936 § 66, is sec. 3.414 and concerns the contract of an indorser and the order of liability.  This section of the Uniform Commercial Code is not applicable to the situation before us.  This section covers a situation where the indorser will be held liable thereon when a contract (such as a check) has been dishonored.  We do not have the question of the liability of the payee-indorser of this check before us.  Under the pleaded facts, this is a foregone conclusion.  But the plaintiff, if he is a holder in due course, does not have to look to the payee for restitution.  The cases cited by the trial court and appellee (Waxahachie National Bank v. Forreston Gin Co., 46 S.W.2d 666 (Tex.Comm'n App. 1932); Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30 (1958) represent authority for the liability of the indorser. In the Forreston Gin Company case, the drawer of the trade acceptance was not sued because he was hopelessly insolvent. Art. 1987, V.A.C.S.  In the Ennis State Bank case the indorser's liability was absolute.  The holder could have made the maker a party to the suit since the maker was primarily liable.  However, it was apparent from the facts that the maker had already defaulted.  There was no question raised as to who was the party primarily liable, nor was there a question raised as to the maker being made a party to the suit.

The judgment of the trial court dismissing plaintiff's suit is hereby reversed and the case is reinstated and remanded to the trial court for a full trial on the merits.

Reversed and remanded.

SHARPE, Justice (concurring).

I concur in the result.