**L. P. BLOODWORTH, Jr., Appellant,**

v.

**Marilyn BLOODWORTH, Appellee.**

**Motion No. A 3283.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 12, 1975.

C. H. Gilmer, Rocksprings, for appellant.

Marschall, Hall, McLaughlin & Lane, San Angelo, for appellee.

## PER CURIAM.

On January 21, 1975, appellee filed her motion to affirm on certificate the judgment signed October 7, 1974, after a non-jury trial. The District Clerk of Sutton County has certified that appellant gave notice of appeal in the judgment and that no motion for new trial was filed. On October 7, 1974, appellant filed his cost bond to perfect his appeal.

Rule 386 [1] requires the appellant to "file the transcript and statement of facts with the clerk ·of the Court of Civil Appeals within sixty days from the rendition of the final judgment . . . ; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the *Court of Civil Appeals* may permit the same to be thereafter filed upon such terms as it shall prescribe." (Emphasis ours) See also Rules 5 and 437.

These provisions are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Smith v. State, 424 S.W.2d 953 (Tex.Civ.App.—San Antonio 1968, no writ); Appellate Procedure in Texas, Section 11.5(1).

Appellant was required to file the transcript and statement of facts on or before December 6, 1974. The record was not timely filed, nor was a motion for exten-

---

· **1.** All references are to Texas Rules of Civil Procedure (1967).

sion of time filed in this Court within fifteen days after the expiration of the sixty-day period.

On January 16, 1975, appellant tendered the transcript and statement of facts to our Clerk, but .they could not be filed because of appellant's failure to comply with Rule 386. In examining the transcript to determine our jurisdiction, we note an order of December 2, 1974, signed by the trial judge, purporting to extend the time for filing the statement of facts for a period of thirty days from December 7, 1974. There is no authority for the trial judge to extend the time for filing the record in our Court and any order purporting to do so is without force and effect. Rule 5.

It is therefore ordered that appellee's motion to affirm the judgment on certificate is hereby sustained, and the judgment of the court below is in all things affirmed without reference to the merits. It is ordered that appellant and his sureties on his cost bond pay all costs of this Court in this behalf expended and incurred, and this decision be certified below for observance.