■ Plaintiffs, by bringing suit in Harris County and asking for an accounting and, in the alternative, for a rescission of the contract, submitted themselves to the jurisdiction of the district court of that county as to all matters arising out of or incident to the suit. This constitutes a waiver of their right to maintain suit in Comanche County where part of the land in question is located as there is a sufficient relationship between plaintiffs' suit and defendants' counterclaim to show that the latter arises out of, or is incidental to, the subject matter of the main suit. *Bailey v. Federal Supply Co.,* 287 S.W. 1090 (Tex.Comm.App., 1926); *Hurst v. Stewart,* supra; *Fairbanks v. McAllen,* 170 S.W.2d 581 (Tex.Civ.App.— San Antonio 1943, writ ref'd); *Campbell v. Galbreath,* 441 S.W.2d 297 (Tex.Civ.App.— Waco 1969, writ dism'd).

Judgment of the trial court is affirmed.

Harry L. Dulick, James E. Ferguson, Cleburne, for appellant.

Michael R. Burkett, Garrett & Burkett, Fort Worth, for appellee.

## OPINION

JAMES, Justice.

In this case the Appellant originally had until February 19, 1978, in which to file the transcript and statement of facts.

Appellant timely filed the transcript, but has not filed a statement of facts nor has Appellant requested of this court an extension of time for filing same.

■ The transcript shows that Appellant filed an application for a 120 day extension of time in the trial court, and that the trial court entered an order dated January 10, 1978, granting said 120 day extension of time from and after February 19, 1978. There is no authority for the trial judge to extend the time for filing the record in the

**H. Miller McPHERSON, Appellant,**

v.

**Ronnie D. SAWYERS, Appellee.**

No. 5908.

Court of Civil Appeals of Texas, Waco.

April 27, 1978.

Rehearing Denied May 11, 1978.

Court of Civil Appeals, and any order purporting to do so is without force and effect. Rules 21c and 386, Texas Rules of Civil Procedure; *Bloodworth v. Bloodworth* (San Antonio, Tex.Civ.App.1975) 519 S.W.2d 471, no writ; *Shotts v. Pardi* (Corpus Christi, Tex.Civ.App.1971) 472 S.W.2d 177, no writ.

Moreover, under the record, Appellant's brief was due March 23, 1978. To date Appellant's brief has not been filed, nor has Appellant made any request of this court for extension of time for filing same. The appeal is dismissed. Rules 414 and 415, Texas Rules of Civil Procedure.

APPEAL DISMISSED.

