H. Miller McPHERSON, Appellant,

v.

Harold B. STOVALL, Appellee.

No. 6219.

Court of Civil Appeals of Texas, Waco.

July 31, 1980.

**376**

Harry L. Dulick, Ferguson & Dulick, Inc., Cleburne, for appellant.

Hugh B. Higgins, Mahanay & Higgins, Cleburne, for appellee.

HALL, Justice.

Appellant McPherson brought this suit against appellee Stovall on an oral contract for payment of money. Stovall interposed pleas of limitations, collateral estoppel and res judicata. Summary judgment was rendered that McPherson take nothing. We reverse the judgment.

To establish his right to the summary judgment, Stovall had the burden of showing that no material fact issues existed in the case and that he was entitled to judgment as a matter of law. *Town North Nat. Bank v. Broaddus*, (Tex. 1978) 569 S.W.2d 489, 494.

There is no factual dispute in the summary judgment record. In September, 1973, appellant McPherson and Ronnie D. Sawyer executed a contract of sale in which McPherson agreed to sell and Sawyer agreed to buy certain real property for the total price of $32,500.00. The contract was negotiated by appellee Stovall, a realtor, acting as agent for McPherson. It called for a cash deposit of $3,250.00 by Sawyer which would also be his down payment, with the balance to be paid in monthly installments of $277.48; and it provided for a commission of $1,625.00 to be paid to Stovall by McPherson. It also provided that if Sawyer wrongfully failed to perform, McPherson could retain the cash deposit as liquidated damages. Sawyer paid the cash deposit to Stovall. With McPherson's approval, Stovall paid one-half of the deposit to McPherson and kept the remaining $1,625.00 as his commission. On or about March 1, 1974, after Sawyer had requested return of the deposit, McPherson and Stovall entered into the following oral agreement: If Sawyer filed suit for the return of the escrow money, and if he succeeded in that action, then both McPherson and Stovall would return to Sawyer "monies they each retained." On June 21, 1974, Sawyer filed suit against McPherson and Stovall for the return of his cash deposit. The only pleadings filed by McPherson and Stovall in that suit were general denials. Sawyer's case was tried to a jury on October 31, 1977, and it resulted in a judgment rendered on November 4, 1977, that Sawyer recover $3,250.00 from McPherson and that he take nothing against Stovall. The judgment became final in June, 1978, when we dismissed McPherson's appeal therefrom because of his failure to file a brief in this court, and our judgment became final. McPherson thereafter paid Sawyer's judgment for the $3,250.00, plus accrued interest thereon; and he then demanded payment of $1,625.00 from Stovall.

On July 12, 1978, McPherson filed the present suit against Stovall for recovery of the $1,625.00 retained by Stovall from Sawyer's cash deposit. Although McPherson asserted other grounds of recovery, he expressly pleaded the oral agreement between the parties to the effect that if Sawyer successfully sued for recovery of the deposit, then McPherson and Stovall would each pay to Sawyer the one-half part they had retained. He alleged that after repeated demands since November 4, 1977, Stovall had failed to pay over his part. Stovall answered with a general denial and special pleas of the two-year and four-year statutes of limitations, collateral estoppel and res judicata. Thereafter Stovall moved for summary judgment, reasserting his special pleas as grounds therefor. McPherson duly responded. On January 25, 1980, the court granted Stovall's motion and rendered summary judgment that McPherson take nothing.

McPherson's cause of action for damages against Stovall for breach of their oral agreement accrued on the breach. 13 Tex. Jur.2d 639, Contracts § 364. Limitations did not begin running until then. Vernon's Tex.Civ.St. art. 5526(4). Judicial determination that Sawyer was entitled to the recovery of his cash deposit was a condition precedent to Stovall's liability under his oral agreement with McPherson. Stovall owed nothing, and could not have breached

the agreement, until after Sawyer's judgment against McPherson became final and McPherson paid the judgment and then made demand against Stovall for performance. Stovall's judgment became final after we dismissed McPherson's appeal in June, 1978. McPherson filed this suit against Stovall on July 12, 1978. It was not barred by limitations.

■ As relevant here, the doctrine of res judicata bars the relitigation of all issues connected with a cause of action or defense that were actually adjudicated, or that with diligence should have been tried, in a former suit between the same parties. *Abbott Laboratories v. Gravis*, (Tex. 1971) 470 S.W.2d 639, 642. The doctrine of collateral estoppel bars relitigation, in a subsequent suit between the same parties upon a different cause of action, of fact issues actually litigated and essential to a prior judgment. *Benson v. Wanda Petroleum Company*, (Tex. 1971) 468 S.W.2d 361, 362. *See also Cruse v. Cruse*, 572 S.W.2d 68, 69–70 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Those rules have no application, here, because the former suit was not between the same parties. In Sawyer's suit, McPherson could have filed a cross-claim against Stovall under the provisions of Rule 97(e), Vernon's Tex.Rules Civ. Proc., but he was not required to do so.

The judgment is reversed, and this case is remanded for trial.