**Charlie BRYAN, Appellant,**

v.

**The CITIZENS NATIONAL BANK IN ABILENE, Appellee.**

**No. 5648.**

Court of Civil Appeals of Texas, Eastland.

July 23, 1981.

Rehearing Denied Sept. 10, 1981.

Charles L. Black, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellant.

David Stubbeman, Wagstaff, Harrell, Alvis, Batjer, Stubbeman & Seamster, Abilene, for appellee.

McCLOUD, Chief Justice.

The Citizens National Bank in Abilene sued Charlie Bryan alleging that the bank, by mistake, paid Bryan $10,000 by cashing a check, payable to Bryan, after payment had been stopped. Bryan filed a general denial. Following a nonjury trial, judgment was entered for the bank for $10,000. Bryan appeals. We affirm.

On November 19, 1979, Bryan presented for payment a $10,000 check, payable to

1. Statutory references are to Tex.Bus. & Comm.Code Ann. (Vernon 1968).

him, and drawn on the account of B & G Construction, to The Citizens National Bank in Abilene, the drawee bank. After approval by a bank officer the check was cashed and the bank issued Bryan a certified check for $10,000. The bank had received a stop payment order on the check from B & G Construction before it was paid. In its findings of facts, the court found that the bank through "accident and mistake" paid $10,000 to Bryan contrary to the stop payment order. The court concluded that Tex. Bus. & Comm. Code Ann. § 4.407 (Vernon 1968) did not preempt "all of the law applicable with regard to money paid by mistake."

Bryan argues that the bank failed to comply with Section 4.407 of the Uniform Commercial Code.[1] The bank relies upon Section 1.103, and asserts that the remedies contained in Section 4.407 are not exclusive. The bank contends it can bring a common law suit for restitution when it has mistakenly paid a check over a stop payment order.

Section 1.103 provides:

Unless displaced by the particular provisions of this title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, *mistake*, bankruptcy, or other validating or invalidating cause shall supplement its provisions. (emphasis added)

The Code clearly contemplates that precode law is to be used when applicable to supplement Code provisions. *Chaq Oil Company v. Gardner Machinery Corporation*, 500 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

Section 4.407 provides:

If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to pre-

vent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights

(1) of any holder in due course on the item against the drawer or maker; and

(2) of the payee or any other holder of the item against the drawer or maker either on the item or under the transaction out of which the item arose; and

(3) of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose.

The bank points to Comment 5 under Section 4.407 which states:

The spelling out of the affirmative rights of the bank in this section does not destroy other existing rights (Section 1—103). Among others these may include the defense of a payor bank that by conduct in recognizing the payment a customer has ratified the bank's action in paying in disregard of a stop payment order *or rights to recover money paid under a mistake.* (Emphasis added)

Prior to the passage of the Uniform Commercial Code, a payee in Texas could not be a holder in due course,[2] and it was held that a bank that mistakenly paid a check after receiving a stop payment order was entitled to restitution from the payee, if the payee had not in good faith changed his position after receiving payment. *First-Wichita National Bank v. Steed,* 374 S.W.2d 932 (Tex.Civ.App.—Fort Worth 1964, no writ); *Capital National Bank in Austin v. Wootton,* 369 S.W.2d 475 (Tex.Civ.App.—Austin 1963, writ dism'd); 9 Tex.Jur.3d, Banks and Other Financial Institutions § 193.

Our Supreme Court in *Romo v. Austin National Bank,* 615 S.W.2d 168 (Tex.1981) stated that the official comments to the Code, while not enacted by the Legislature, serve as a valid aid in construing the statutory language.

Section 4.403 of the Code provides in part:

(a) A customer may by order to his bank stop payment of any item payable for his account but the order must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it prior to any action by the bank with respect to the item described in Section 4.303.

Comment No. 8 states in part:

A payment in violation of an effective direction to stop payment is an improper payment, even though it is made by mistake or inadvertence. Any agreement to the contrary is invalid under Section 4—103(1) if in paying the item over the stop payment order the bank has failed to exercise ordinary care. The drawee is, however, entitled to subrogation to prevent unjust enrichment (Section 4—407); retains common-law defenses, e. g., that by conduct in recognizing the payment the customer has ratified the bank's action in paying over a stop payment order (Section 1—103); *and retains common-law rights, e. g., to recover money paid under a mistake (Section 1—103) in cases where the payment is not made final by Section 3—418.* (emphasis added)

Section 3.418 provides:

Except for recovery of bank payments as provided in the chapter on Bank Deposits and Collections (Chapter 4) and except for liability for breach of warranty on presentment under the preceding section, payment or acceptance of any instrument is final in favor of a holder in due course, or a person who has in good faith changed his position in reliance on the payment.

■■■ We think it is clear from the Code and official comments that a bank may still assert its common law right of restitution to recover money mistakenly paid if payment is not "final." Section 3.418 states that payment is final in favor of a "holder in due course, or a person who has in good faith changed his position in reliance on the payment." Bryan did not plead or secure

2. Section 3.302(b) of the Code now expressly provides that a payee may be a holder in due course.

**816**

findings that he was a holder in due course, or that he had in good faith changed his position in reliance on the payment. Bryan had the burden of pleading and properly establishing these matters since they were peculiarly within his knowledge. *Central National Bank of Houston v. Martin*, 396 S.W.2d 218 (Tex.Civ.App.—Houston 1965, writ dism'd); *Capital National Bank in Austin v. Wootton*, 369 S.W.2d 475 (Tex.Civ. App.—Austin 1963, writ dism'd).

 A bank paying a check over a valid stop payment order may utilize the subrogation rights granted in Section 4.407, or it may, when payment is not "final," seek restitution from the payee under common law. The payee who has received funds from the bank may defeat the bank's common law claim by properly pleading and establishing that the payee is a holder in due course, or has in good faith changed his position in reliance on the payment. Section 4.407 has not displaced the common law right of restitution when payment is not final under Section 3.418.

The out-of-state authorities cited by the payee are distinguishable. They were concerned with the operation and effect of Section 4.407 of the Code, and did not discuss Section 3.418 and the common law right of restitution.

We have considered all points of error, and all are overruled. Judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

Bryan cites *Favors v. Yaffe*, 605 S.W.2d 342 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n. r. e.); *Couch v. Babb*, 423 S.W.2d 464 (Tex.Civ.App.—Beaumont 1968, writ ref'd n. r. e.); and *Shotts v. Pardi*, 483 S.W.2d 879 (Tex.Civ.App.—Corpus Christi 1972, writ dism'd), to support his argument that it will be presumed that he was a holder in due course. The cited cases, each of which was a suit on an instrument, are distinguishable. The instant case is not a suit on an instrument. The bank seeks restitution for money mistakenly paid. Texas has consistently followed the general rule that a payee, who has received money mistakenly paid, has the burden when sued for restitution, to plead and prove that he has in good faith changed his position in reliance on the payment. *Capital National Bank in Austin v. Wootton*, 369 S.W.2d 475 (Tex.Civ.App.—Austin 1963, writ dism'd); *First-Wichita National Bank v. Steed*, 374 S.W.2d 932 (Tex.Civ.App.—Fort Worth 1964, no writ); *Central National Bank of Houston v. Martin*, 396 S.W.2d 218 (Tex.Civ. App.—Houston 1965, writ dism'd); 40 A.L. R.2d 997. The same rule should apply when the payee seeks to defeat the bank's common law restitution claim by contending that he is a holder in due course.

Bryan's motion for rehearing is overruled.