### H. Miller McPHERSON, Appellant,

### v.

### Harold B. STOVALL, Appellee.

### No. 6371.

Court of Appeals of Texas, Waco.

Oct. 29, 1981.

Rehearing Denied Dec. 3, 1981.

Harry L. Dulick, Ferguson & Dulick, Inc., Cleburne, for appellant.

Harold B. Stovall, pro se.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff McPherson from take-nothing judgment in suit against defendant Stovall for $1,625.00; and is the second appeal of this case [1].

Plaintiff sued defendant for $1,625.00 alleging several theories of recovery including breach of an oral contract to pay such money.

Trial was to a jury which found that plaintiff McPherson and defendant Stovall did not enter an agreement that defendant would indemnify plaintiff McPherson to the extent of $1,625.00 retained by defendant Stovall, in the event plaintiff McPherson should be required to refund the $3,250.00 earnest money deposit to Sawyers.

The trial court rendered judgment on such verdict plaintiff take nothing.

Plaintiff appeals among other matters, contending the finding of the jury is against the great weight and preponderance of the evidence.

Plaintiff listed real estate with defendant, a real estate broker. Defendant found a possible buyer, Ronnie Sawyers; negotiated a contract of sale between plaintiff and Sawyers for sale of the property to Sawyers for $32,500.00. The contract called for a

---

1. See *McPherson v. Stovall*, CCA (Waco) NWH, 603 S.W.2d 375.

cash deposit of $3,250.00 by Sawyers; and provided for a commission of 5% ($1,625.00) to be paid to defendant "for services as real estate broker, and shall be due at closing when this sale has been completed". The contract further provided "If buyer wrongfully fails to perform [plaintiff] shall have the right to retain the cash deposit, * * * [and] if Buyer defaults and if Seller elects to retain the cash deposit as liquidated damages, the Seller shall pay to the agent one-half of the amount retained up to the total amount of the commission due, in full payment for agent's services".

Sawyers thereafter refused to go through with the purchase and demanded return of the $3,250.00 escrow deposit. Plaintiff and defendant refused Sawyers's demand believing he had wrongfully defaulted under the contract. Plaintiff and defendant divided the $3,250.00 each taking $1,625.00. Sawyers sued plaintiff and defendant for the $3,250.00 and recovered judgment against plaintiff for such money, and plaintiff has paid the judgment.[2]

Had Sawyers wrongfully refused to go through with the purchase, then under the contract plaintiff and defendant would have been entitled to retain the $3,250.00 escrow deposit and divide it. But it was judicially determined that Sawyers was entitled to a return of his $3,250.00. Thus there was no sale of the property, and defendant was not entitled to the 5% commission of $1,625.00 under the contract. And plaintiff and defendant were not entitled to retain the $3,250.00. *Reville v. Poe*, CCA (Austin) Er.Dism'd, 249 S.W.2d 241. But as noted they had divided the $3,250.00 each receiving $1,625.00.

Plaintiff testified that "he and defendant didn't think Sawyers had a chance to win, but if he did bring suit and win, that we would each contribute this money back to him". Defendant testified that there was no such agreement.

From the record as a whole (including the contract) we think the jury's answer is against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

**2.** See *McPherson v. Sawyers*, CCA (Waco) 565 S.W.2d 123.

Plaintiff's contention, supra, is sustained.

REVERSED & REMANDED.