Charles H. MOLTER, Appellant,

v.

EQUITABLE DISCOUNT CORPORATION,
Appellee.

No. 14612.

Court of Civil Appeals of Texas.

San Antonio.

July 12, 1967.

Rehearing Denied July 31, 1967.

Nugent & Haston, Kerrville, for appellant.

Robert I. Wilson, Kerrville, for appellee.

BARROW, Chief Justice.

Obligor appeals from a judgment non obstante veredicto granted assignee in its suit to recover on a negotiable trade acceptance.

On April 11, 1950, appellant, Charles H. Molter, executed and delivered to Sterling Materials Company, Inc., his trade acceptance for the sum of $273.20, payable on or before September 1, 1950. On or about June 9, 1950, appellant was notified that appellee, Equitable Discount Corporation, had purchased the trade acceptance. Admittedly, same was never paid. The trial court concluded that as a matter of law appellee was a holder in due course and disregarded the jury findings to the contrary. Judgment was entered for the sum of $547.37, being the principal sum due together with interest to date of judgment.

Appellant urges as the outset that the trial court abused its discretion in refusing to dismiss this cause for lack of prosecution. The suit was filed by appellee in Bexar County in November, 1951, and not tried until December, 1966. Appellant duly filed his plea of privilege to remove the suit to Kerr County, which plea was not controverted by appellee. However, the cause was not actually transferred until 1957. On October 15, 1965, appellant presented his motion to dismiss the cause for want of prosecution. After a hearing at which only appellee's counsel testified, the trial court overruled said motion to dismiss.

It is settled that a party who files a petition must prosecute his claim to judgment with reasonable diligence. If he fails to do this, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85 (1957); Pollok v. McMullen Oil & Royalty Co., Tex. Civ.App., 383 S.W.2d 837, writ ref'd. The trial court has control of its docket and by an efficient management of same should take affirmative action to see that all unnecessary delay in the final disposition of cases on same is eliminated. Too often, justice delayed is justice denied.

In Bevil v. Johnson, supra, the Supreme Court set forth the applicable test for review of the question presented by appellant's complaint of abuse of discretion: "The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court." See also, Pollok v. McMullen Oil & Royalty Co., supra; Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d 480, writ ref'd n.r.e.; McDonald, Texas Civil Practice, § 17.18.

Appellee's counsel testified that considerable difficulty was experienced in getting the case transferred to Kerr County after the plea of privilege was filed and that he made several trips to San Antonio to accomplish same. Also, much time was spent in trying to locate the original of the trade acceptance and in conference with appellant relative to a settlement of the case. After this failed, written depositions were required to prepare the case for trial.

The trial court found that appellee had announced or given notice that he was ready for trial—apparently at prior settings of the case. The trial court, who was familiar with the history of the case and the condition of its docket, overruled the motion to dismiss the case for want of prosecution. We cannot say from the record before us that there is a clear abuse of judicial discretion in this action.

■ Appellant admitted execution of the trade acceptance and nonpayment of same. He testified and the jury found that there was a failure of consideration in that the goods sold to him by Sterling Materials Company were not usable. It is recognized that the defense of failure of consideration is not available against a holder in due course. Art. 5935, § 57, Vernon's Ann. Civ.St.[1] Therefore, the principal question before us is whether the evidence established as a matter of law that appellee is a holder in due course of the trade acceptance.

The original trade acceptance was never introduced, and appellant urges that the trial court erred in admitting a copy of same. See 2 McCormick & Ray, Texas Evidence § 1563 (2d ed. 1956). He does not assert that the copy was not a true and correct copy, but that it was inadmissible. The rules applicable to the admissibility of secondary evidence have been recently restated by the Supreme Court in Travis County Water Con. & Imp. Dist. No. 12 v. McMillen, 414 S.W.2d 450 (Tex. 1967), as follows: "Secondary evidence of the contents of a document directly in issue is inadmissible unless nonproduction of the original document is accounted for. * * * The production of the original document is excused when it is established to the satisfaction of the court that the document in question has been lost or destroyed. * * * Loss or destruction may be established by proof of search for the document and inability to secure it."

■ The trial court's implied finding that the original trade document was lost or destroyed is largely based upon the testimony of the present and former attorneys of appellee. Bert W. Thompson, Esq., who had represented appellee while the suit was pending in Bexar County, testified that the original trade acceptance was mailed with the file to Robert I. Wilson, Esq., when the latter took over the case for appellee. He further testified that no documents were now in his file. Mr. Wilson testified that he had not received the original document, and had made an extensive but futile search for same. The president of appellee testified that he did not know where the document was located. This evidence supports the implied finding that the original trade acceptance was lost or destroyed.

■ The deposition of Mr. Goodwin, president of appellee, taken upon written interrogatories, was introduced into evidence by appellee to show assignment of the trade acceptance by Sterling Materials Company to appellee. Rule 215, Texas Rules of Civil Procedure authorizes the use of a deposition of a party with like effect with the depositions of other witnesses. This use is not limited to oral depositions.

Mr. Goodwin testified that on or about June 9, 1950, appellee purchased this and several other trade acceptances from Sterling Materials Company and paid $191.24 for this particular one. This sum represented about 70% of its face value. He further testified that it was purchased with the intention of appellee becoming the owner of it and it was endorsed by Sterling Materials Company at this time. This purchase was made in the regular course of appellee's business of buying negotiable paper, and Mr. Goodwin had no knowledge of any defect in same. Appellant was promptly notified of this assignment. A check stub showing payment to Sterling

1. Acts 1965, 59th Leg. Vol. 2, p. 1, Ch. 721, enacting the Uniform Commercial Code, repealed Arts. 5932–5947, effective June 30, 1966.

Materials Company of $191.24 was introduced in evidence. Appellant admitted he was notified by letter dated June 8, 1950, that appellee was then the owner of the trade acceptance.

■ It is our opinion that this uncontradicted evidence establishes as a matter of law that appellee was a holder in due course of the trade acceptance. We doubt that appellant's verified allegation that he believed the assignment was either never made or was not a good faith transfer was sufficient denial of the genuineness of the assignment so as to require proof under Rule 93 (i), T.R.C.P. In any event the uncontradicted testimony of Mr. Goodwin, together with assignment to appellee of the trade acceptance, regular on its face, established that appellee was a holder in due course.

■ At the time of appellee's acquisition of the trade acceptance it was complete and regular on its face. Appellee, therefore, is deemed prima facie to be a holder in due course. Appellee is presumed to have acquired the trade acceptance for value, in the ordinary course of business, before maturity, in good faith, and without notice of any infirmity of the person negotiating it. Art. 5935, § 52, 1., Vernon's Ann.Civ.St.; Cargill, Inc. v. Continental Grain Co., Tex.Civ.App., 388 S.W.2d 247, writ ref'd n.r.e.; Full Gospel Assem. in Christ v. Montgomery Ward & Co., Tex.Civ.App., 237 S.W.2d 657, writ dism'd; 9 Tex.Jur.2d, Bills and Notes § 97. There is no evidence, or even an inference, of irregularity to rebut this presumption; to the contrary, all evidence herein supports same.

■ There is no evidence to support the jury finding that appellant did not execute and deliver the trade acceptance, and in fact he admitted the execution of same. Further, there is no evidence to support the findings that appellee did not purchase the trade acceptance prior to its maturity; that the trade acceptance was not pur-

chased in good faith, for a valuable consideration, in the regular course of business, or that appellee had notice of any infirmities or defect in the title of Sterling Materials Company to same. The trial court did not err in concluding that as a matter of law appellee was a holder in due course and in granting it a judgment non obstante veredicto.

The judgment of the trial court is affirmed.