Mrs. Burnett BROWN, Appellant,

v.

PRAIRIE VIEW A & M UNIVERSITY, Appellee.

No. A2916.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1982.

Rehearing Denied March 11, 1982.

Robert Hohenberger, Russell T. Van Keuren, Houston, for appellant.

Mark White, Jack Sparks, Austin, Larkin C. Eakin, Jr., William H. Betts, Jr., Hempstead, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This consolidated appeal arises out of a lawsuit filed by appellant Mrs. Burnett Brown on account of the death of Mrs. Brown's son, Mark Anthony Brown, a student athlete at Prairie View A & M University. Mark Anthony Brown collapsed during football practice on August 19, 1976, and was taken to Waller County Hospital in Hempstead, Texas, where he died the next day of sickle cell crisis.

Mrs. Brown filed suit in Harris County under the Texas Tort Claims Act and for malpractice against the following defendants: (1) Dr. W. J. Parker, a physician who had performed a physical examination of the deceased prior to his entry into Prairie View A & M and who was later dismissed from the lawsuit by agreement; (2) Prairie View A & M University, which was dismissed for want of jurisdiction and granted severance by order signed May 29, 1981, after the case had been transferred to Waller County from Harris County; (3) Dr. E. R. Owens, medical director of Prairie View A & M, who was granted summary judgment and granted severance by order signed July 20, 1981; (4) Waller County and Waller County Hospital which were dismissed for want of jurisdiction and granted severance by order signed August 6, 1981; and (5) Dr. S. C. Walker, deceased, whose representative Gail Marie Walker Baird was dismissed for want of prosecution. No appeal is made as to Dr. Parker; Prairie View A & M, Dr. Owens, Waller County and Waller County Hospital form the basis of one appeal; and the representative of the estate of Dr. Walker forms the basis of a separate appeal. We have consolidated the two appeals for consideration. We dismiss in part and sever and reverse in part.

Prior to submission of this appeal, appellee Prairie View A & M filed Amended Motion to Dismiss, arguing that because the transcript was not timely filed this appeal must be dismissed as to Prairie View A & M. In opposition appellant argues that the trial court's order of dismissal did not become final and appealable as of the date the order of severance was signed.

The trial court entered its order dismissing Prairie View A & M from this lawsuit on April 20, 1979. On May 29, 1981, appellant's cause of action against Prairie View A & M was severed from the other causes of action in the case. Appellant timely filed notice of appeal and appeal bond. The transcript was filed on August 19, 1981, 82 days after the order of severance was signed. Appellant has filed no motion for extension of time for filing the record and has offered no reasonable explanation for her delay.

The date a judgment or order is signed determines the beginning of the periods prescribed for filing the transcript and statements of facts. Tex.R.Civ.P. 306a. The transcript and statement of facts shall be filed within 60 days after the judgment being appealed from is signed. Tex.R. Civ.P. 306a, 386. In order to seek an extension of the time in which to file transcript and statement of facts, an appellant may file a motion reasonably explaining the need for such extension within 15 days after the last date the transcript and statement of facts might be timely filed. Tex.R. Civ.P. 21c, 386. Rule 21c of the Texas Rules of Civil Procedure provides:

> An extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts, motion for rehearing, or application to the supreme court for writ of error, if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules.

Rule 437 provides:

> A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except pursuant to Rule 21c.

Rule 386 provides, in pertinent part, as follows:

> ...Failure to file either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court or its authority to consider material filed late, but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed late, ...

While there is presently a conflict in the opinions of the courts of appeals as to the

effect of Rules 21c, 386 and 437 when a motion to extend time to file the transcript is filed after the expiration of 15 days after the last date on which the transcript and statement of facts would be timely filed,[1] we are not confronted with the resolution of that precise question here, for appellant has never offered a reasonable explanation for the late filing and has made no motion to extend time to file the transcript.

■ In our opinion the effect of the language of Rule 386 quoted above is clear in the present circumstance. We do not dismiss Prairie View A & M University for lack of jurisdiction but dismiss the appeal as to Prairie View A & M University because appellant has filed no motion for extension of time pursuant to Rule 21c and has failed to comply with Rule 386 by filing the transcript within 60 days after the order of severance was signed and the order dismissing Prairie View A & M became appealable. We reach the same result whether the 15-day time limit is discretionary or mandatory.

By his Motion to Affirm filed prior to submission and ordered taken with the case, appellee Dr. Owens urges that the now unappealable order dismissing Prairie View A & M constitutes a final judgment which is a complete bar to Mrs. Brown's claim against Dr. Owens. In support of that position Dr. Owens cites Section 12(a) of the Tort Claims Act, which provides as follows:

> The judgment or settlement in an action or claim under this Act shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of a unit of government whose act or omission gave rise to the claim.

---

1. The apparent conflict in Rules 386, 21c and 437 leaves uncertain whether the 15-day time limit on motions for extension of time provided by Rule 21c is mandatory. In other words, is it within the discretion of the courts of appeals to grant or deny an extension of time for late filing of a transcript or statement of facts if a motion reasonably explaining the need therefor is filed *after* 15 days of the last date for filing as prescribed by the applicable rule or rules? For an interesting comparison of analyses of the question by the courts of appeals, compare

Tex.Civ.Stat.Ann. art. 6252–19, § 12(a) (Vernon 1970). In addition, Dr. Owens relies on *Steele v. Barbian*, 620 S.W.2d 875 (Tex.Civ.App.—Amarillo 1981, no writ). That case holds summary judgment bars subsequent action under the statute and does not, in our opinion, control the question presented here.

■ In other contexts Texas courts have held that a judgment dismissing a suit for lack of jurisdiction is not res judicata as to the merits and does not bar a plaintiff from bringing an action on the same cause in a court having jurisdiction. *New Friendship Baptist Church v. Collins*, 453 S.W.2d 529 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ); *Cowgill v. White*, 543 S.W.2d 437 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). For the doctrine of res judicata to bar a subsequent action or suit, there must have been a prior final judgment *on the merits* by a court of competent jurisdiction. In addition, the parties, or those in privity with them, must be identical in both suits, and the same cause of action must be involved in both suits. *Jones v. Texas Tech University*, 656 F.2d 1137, 1141 (5th Cir. 1981).

■ The trial court in the instant case did not address the merits of the case but merely dismissed Prairie View A & M for want of jurisdiction. In our opinion the judgment dismissing Prairie View A & M for want of jurisdiction is not a judgment which would bar action on the claim within the meaning of section 12(a) of the Texas Torts Claims Act. We therefore deny the motion of Dr. E. R. Owens to affirm.

Appellant brings forward four points of error, in the first two of which she argues that the trial court erred in granting mo-

---

*Exposition Apartments Co. v. Barba*, 624 S.W.2d 414 (Tex.Civ.App.—Austin 1981, no writ), and *Wallace v. Texas Employers' Ins. Ass'n*, 624 S.W.2d 268 (Tex.Civ.App.—Dallas 1981, no writ) with *Briscoe v. Gulf Supply Co.*, 612 S.W.2d 88 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.); *In re Brazil*, 621 S.W.2d 811 (Tex.Civ.App.—Eastland 1981, no writ); *B. D. Click Co. v. Safari Drilling Corp.*, 625 S.W.2d 364 (Tex.Civ.App.—Eastland, August 28, 1981, writ granted, submitted on oral argument Jan. 20, 1982).

tions to dismiss Prairie View A & M and Waller County Hospital.[2] In light of our decision, discussed above, to dismiss this appeal as to Prairie View A & M, we will limit our discussion of these points of error to the dismissal of Hospital.

The Waller County District Court granted appellee Hospital's plea in abatement and motion to dismiss which was based on the contention that the Harris County District Court had no jurisdiction of the suit filed under the provisions of the Texas Tort Claims Act and had no authority to transfer the case to Waller County and, consequently, that the Waller County District Court must dismiss the cause of action against Hospital.

Appellant Mrs. Brown brought suit under the Texas Tort Claims Act which provides in pertinent part, as follows:

Sec. 3. Each unit of government in the state shall be liable for money damages for property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office ... or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.

\* \* \* \* \* \*

Sec. 5. All cases arising under the provisions of this Act shall be instituted in the county in which the cause of action or a part thereof arises.

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (Vernon Supp. 1980–81) & § 5 (Vernon 1970).

The State of Texas has governmental immunity except as waived under the Texas Tort Claims Act; since a state may withhold its consent to be sued, when it waives liability it can impose conditions that it can be sued only in certain courts and places. *State v. Isbell*, 127 Tex. 399, 94 S.W.2d 423 (1936); *Bishop v. State*, 577 S.W.2d 377 (Tex.Civ.App.—El Paso 1979, no writ); *Hardt v. Texas Dep't Corrections*, 530 S.W.2d 897 (Tex.Civ.App.—Austin 1975, no writ). Section 5 of the Tort Claims Act, quoted above, is jurisdictional. *Hardt v. Texas Dep't Corrections*, 530 S.W.2d 897; *Bishop v. State*, 577 S.W.2d 377. Therefore, if Hospital can be sued under the Tort Claims Act, it can only be sued in Waller County, where the cause of action arose, and the Harris County District Court has no jurisdiction over this cause of action. Nonetheless, the Harris County District Court entered an order reciting that it had heard the defendants' pleas to the jurisdiction and pleas of privilege and had first considered the plea to the jurisdiction; that court then ordered, "venue changed and transfered to Waller County."

Because the Harris County District Court did not have jurisdiction over the cause of action, the proper action by that court would have been to dismiss the cause of action. *United States Fidelity & Guaranty Co. v. Cooper*, 14 S.W.2d 342 (Tex.Civ.App. —Galveston 1929), *aff'd* 29 S.W.2d 971 (Tex.Comm'n App. 1930). However, that court endeavored to transfer the case to Waller County by an order signed October 4, 1978, and filed in Waller County on November 26, 1978, at which time a new cause number (No. 7835) was assigned to the case in Waller County. On April 2, 1979, Mrs. Brown filed an Amended Original Petition in cause No. 7835 in Waller County. The Waller County District Court subsequently granted Hospital's plea in abatement and

---

**2.** Although Mrs. Brown brought suit against Waller County and Waller County Hospital as separate parties defendant, they filed pleadings as one and the same party, Waller County Hospital being a part of the governmental entity of Waller County as a result of its establishment pursuant to Tex.Rev.Civ.Stat.Ann. art. 4478 (Vernon Supp. 1980–81). The briefs and the record reveal that they were treated as one by all parties to this lawsuit. We therefore consider the order dated May 24, 1979, dismissing Waller County as also dismissing Waller County Hospital. All references herein to Hospital or Waller County Hospital include Waller County.

dismissed Hospital from the suit for want of jurisdiction.

The pertinent issue before us is not whether the Harris County District Court had the power to transfer the cause of action to Waller County but whether the Waller County District Court acquired jurisdiction of the cause of action.

*Barnett v. Brown*, 45 S.W. 206 (Tex.Civ. App.1898, no writ) holds that a district court without jurisdiction of a cause of action brought in that court can do no more than dismiss the cause of action and has no authority to transfer the cause to a county court. Although the county court would have originally had jurisdiction of the cause of action, *Barnett v. Brown* further held that the county court could not acquire jurisdiction by transfer from the district court. The rationale for that holding is that the plaintiff had not invoked the jurisdiction of the county court. The same rule of law would seem to apply to the instant attempt to transfer a cause of action from one county to another. However, unlike *Barnett v. Brown*, we are faced with a situation in which the plaintiff filed an amended petition in Waller County after the Harris County District Court transferred the cause of action to Waller County. Rule 22 of the Texas Rules of Civil Procedure requires that a civil suit be commenced in the district or county court by the filing of a petition in the office of the clerk. *See also: Hughes v. Atlantic Refining Co.,* 424 S.W.2d 622 (Tex.1968). The rules further provide that "[t]he pleading of a plaintiff shall consist of an original petition, and such supplemental petitions as may be necessary..." Tex.R.Civ.P. 78. A pleading is considered according to its content rather than its title. *Staley v. Western Steel Wire & Pipe Co.,* 355 S.W.2d 565 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.).

■ It is clear that, had the Harris County District Court dismissed this cause of action, Mrs. Brown could have commenced a new cause of action by filing an original petition in Waller County. We see no sound reason to reach a different result simply because she filed an equivalent pleading under a different title in an already docketed case. We hold that, although the Harris County District Court had no authority to transfer the cause of action, the Waller County District Court did acquire jurisdiction when Mrs. Brown filed the petition entitled "First Amended Original Petition" in Waller County, thereby invoking the jurisdiction of that court and commencing her lawsuit in accordance with the Texas Rules of Civil Procedure.

■ By counterpoint Hospital further contends that the cause of action was properly dismissed because the 2-year statute of limitations had barred appellant's cause of action by the time suit was filed in Waller County. We find no merit to that contention, for Hospital did not plead limitations in the trial court and that was not the basis of the trial court's order of dismissal. Thus, we are not called upon to decide that question here. We consider it advisable to point out, however, that a claim of limitations would have no effect on the jurisdiction of the trial court.

For the reasons discussed above, we find that the Waller County District Court erred in dismissing Waller County and Waller County Hospital for want of jurisdiction. We therefore sever and reverse and remand as to Waller County and Waller County Hospital.

By her third point of error Mrs. Brown contends that the trial court erred in granting summary judgment to Dr. E. R. Owens, the medical director of Prairie View A & M.

On April 11, 1979, Dr. Owens filed motion for summary judgment with a supporting affidavit, incorporating all pleadings in the case in that motion. Hearing on summary judgment was held on May 29, 1981. Mrs. Brown subsequently filed a written response to the motion for summary judgment on July 8, 1981, and the court's order granting summary judgment for Dr. Owens was signed on July 20, 1981. It appears from that order that the court did not consider as part of the summary judgment proof Mrs. Brown's written response filed after the hearing.

Rule 166–A(c) of the Texas Rules of Civil Procedure provides, in pertinent part, as follows:

> ...The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, *or filed thereafter and before judgment with permission of the court,* show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response. . . .

(Emphasis added.) The consideration of pleadings filed in the interim between hearing and judgment is within the discretion of the court. Tex.R.Civ.P. 166–A(c). *Cf: Rhodes v. City of Austin,* 584 S.W.2d 917 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r. e.); *Boston Sea Party of Houston, Inc. v. Argovitz,* 583 S.W.2d 465 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Metze v. Entman,* 584 S.W.2d 512 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). There is no indication that permission of the court was requested or obtained to file the response and there has been no attempt to show that the court abused its discretion. The trial court is charged with the duty only of considering the record as it properly appears before the court when the motion for summary judgment is heard. *Id.*

We do not know whether the trial court based summary judgment for Dr. Owens upon his claim of governmental immunity or whether in the opinion of the court there was, as a matter of law, no genuine issue of fact as to the essential elements of Mrs. Brown's cause of action against Dr. Owens. We therefore consider both possibilities.

At the hearing on summary judgment the trial court had only the pleadings to consider and the affidavit of Dr. Owens in support of his motion. It is undisputed that Dr. Owens was not present on the campus of Prairie View A & M at the time of the incident which is the basis of this lawsuit. Mrs. Brown's petition alleges that Dr. Owens was negligent in failing to provide for adequate medical care in the event of an emergency in his absence. However, pleadings do not constitute summary judgment proof. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Therefore, the only summary judgment proof in the record as of the date of the hearing is the affidavit of Dr. Owens[3] and the exhibit attached thereto. From the record before us we cannot conclude that the summary judgment proof developed the facts sufficiently to establish as a matter of law that no genuine issue of fact remains as to the essential elements of the cause of action.

Dr. Owens also contended that he is entitled to rely on the defense of governmental immunity, citing the following provision of the Tort Claims Act:

> Notwithstanding any provision hereof, the individual immunity of public officers, agents or employees of government from tort claims for damages is hereby preserved to the extent and degree that such persons presently are immunized.

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 15 (Vernon 1970). In addressing the question

---

**3.** Omitting the formal portions, Dr. Owens asserts in his affidavit:

> On the date of the occurrence made the basis of plaintiff's cause of action, I was the medical director at Prairie View A & M University. I was not present on the campus of the University at the time of the incident since I was on leave from the University at a medical meeting in Nashville, Tennessee. I left Prairie View A & M University on or about August 9, 1976, for said medical meeting and had not returned to the campus at the time of the death of Mark Anthony Brown. The rec-

ords of the University show that prior to the date of his death Mark Anthony Brown was examined in Houston, Texas, by Dr. W. J. Parker on August 4, 1976, and was found to be physically fit in all respects. A copy of the medical history and physical examination form prepared by Dr. Parker is annexed to this affidavit as Exhibit "A" and is incorporated herein for all purposes. I never saw Mark Anthony Brown prior to August 19, 1976, and was not present on the premises of Prairie View A & M University at the time of the incident made the basis of plaintiff's suit.

of Dr. Owens' immunity Mrs. Brown and Dr. Owens cite in support of their respective positions numerous cases to demonstrate that Dr. Owens performed ministerial or discretionary duties. However, we are unable to determine from the summary judgment proof what Dr. Owens' duties are or whether he is entitled to governmental immunity. Aside from his job title the record is devoid of facts which would resolve the question.

An issue of fact exists when conflicting inferences may be drawn from undisputed evidentiary facts. *McGuire v. Overton Memorial Hospital*, 514 S.W.2d 79 (Tex.Civ. App.—Tyler 1974) *writ ref'd n.r.e. per curiam* 518 S.W.2d 528 (Tex.1975). We might just as well conclude from the summary judgment proof that Dr. Owens' job as medical director entailed exclusively administrative functions in maintaining medical records or that he was responsible for exercising medical judgment and providing medical care for the students of Prairie View A & M. In our opinion the summary judgment proof does not establish as a matter of law that no genuine issue of fact remains.

We therefore reverse the judgment of the trial court as to Dr. E. R. Owens and sever and remand.

By her fourth point of error, Mrs. Brown contends that the trial court abused its discretion in granting the motion to dismiss of Gail Marie Walker Baird, Successor Independent Executrix of the Estate of S. C. Walker, Deceased.

This case ws set for trial when Dr. Walker died in April of 1979. Mrs. Brown filed a suggestion of Dr. Walker's death on May 11, 1979. According to the testimony at the hearing on the motion to dismiss, counsel for Mrs. Brown did not have scire facias served upon the representative of Dr. Walker's Estate pursuant to Rule 152 of the Texas Rules of Civil Procedure because, first, he knew that Laura Walker, Dr. Walker's widow and Independent Executrix, was in poor health and, later, after Laura Walker's death in October of 1979, because he was unable to obtain the address

of the successor independent executrix. The record contains conflicting testimony in regard to counsel's difficulty in obtaining the address from opposing counsel. On August 6, 1981, approximately 28 months after Dr. Walker's death, the trial court dismissed Mrs. Brown's claim against the representative of Dr. Walker's estate for failure to prosecute her claim with reasonable diligence.

A trial court has judicial discretion in dismissing a suit for want of prosecution; while it is not an unbridled discretion, the court's action in sustaining or refusing to sustain a motion to dismiss may be reversed only on a showing of clear abuse of such discretion. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957); *Pollok v. McMullen Oil & Royalty Co.*, 383 S.W.2d 837 (Tex. Civ.App.—San Antonio 1964, writ ref'd). The opposing parties in this appeal cite cases which encompass a broad range of results. At one end of the spectrum, the trial court was found not to have abused its discretion in overruling a motion to dismiss after the case had been on file for fifteen years. *Molter v. Equitable Discount Corp.*, 418 S.W.2d 262 (Tex.Civ.App.—San Antonio 1967, no writ). Near the other extreme, a trial court was found not to have abused its discretion in dismissing a negligence suit which had been pending but inactive for approximately 19 months. *Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857 (Tex.Civ. App.—San Antonio 1976, writ ref'd n.r.e.). *Molter* and *Allen* do not, however, involve a question of failure to exercise reasonable diligence in merely substituting parties. Texas Rules of Civil Procedure 150–155 proscribe the proper procedure for substitution of parties upon the death of a party plaintiff or defendant. Texas courts of civil appeals have used language indicating that, depending upon the circumstances of a particular case, an unreasonable delay in making the representative of a deceased defendant a party in order that a suit may proceed and the parties be bound by the adjudication may defeat the right to revive the cause of action. *Hermann v. Higgins Oil & Fuel Co.*, 260 S.W. 1094, 1099 (Tex.Civ.App.

—Galveston 1924, writ ref'd); *Clark v. Turner*, 505 S.W.2d 941, 946–8 (Tex.Civ. App.—Amarillo 1974, no writ). Despite the rule recited therein, *Hermann* and *Clark* are both instances in which appellate courts found that the court below had not abused discretion in refusing to dismiss a case for failure to exercise reasonable diligence in substituting parties. The failure to procure scire facias should be considered along with other circumstances pertaining to delay in substituting parties and diligently prosecuting the cause of action. *Id.*

█ In the instant case, counsel's solicitude toward Dr. Walker's ill widow is entitled to careful consideration, as is the fact that the successor independent executrix's address was not on the pleadings in the probate court, as well as the fact that counsel encountered some difficulty in obtaining her address from opposing counsel. There is no suggestion that Dr. Walker had not been properly served and made a party defendant prior to his death. Nor is there any suggestion that the existence of the pending law suit was unknown to the representative of Dr. Walker's estate. In granting this motion to dismiss, the judge in the court below commented that this law suit " . . . has just been around too long." However, the record does not indicate that the Waller County Courts have followed a practice similar to that of the Galveston County courts approved by the Supreme Court in *Southern Pacific Transportation Co. v. Stoot*, 530 S.W.2d 930 (Tex.1975), and adopted rules creating a "drop docket" to enforce diligence and give notice to all who practice in that court that if each case is not disposed of in a specified period of time it will be dismissed. Moreover, in the interim between Dr. Walker's death and the trial court's order of dismissal for want of prosecution, this lawsuit had not lain dormant; Mrs. Brown filed amended petitions in August and November, 1980, and in April and June, 1981, and filed a response to Dr. Owens' Motion for summary judgment in July, 1981.

In our opinion the action of the court below constituted a clear abuse of discretion. We therefore reverse the trial court's order dismissing Gail Marie Walker Baird, Successor Independent Executrix of the Estate of S. C. Walker, and sever and remand.

Although Mrs. Brown included the Estate of Laura Walker in her appeal bond, she raises no point of error in regard to that entity. Therefore nothing is presented for review.

We dismiss this appeal as to appellee Prairie View A & M University; we reverse and sever and remand as to appellees Waller County and Waller County Hospital, Dr. E. R. Owens, and Gail Marie Walker Baird, Successor Independent Executrix of the Estate of S. C. Walker.