Mrs. Burnett **BROWN**, Appellant,

v.

Dr. E.R. **OWENS**, Appellee.

Nos. B14–82–894CV, A14–82–517CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 3, 1983.

Rehearing Denied Dec. 8, 1983.

Russell T. Van Keuren, Houston, for appellant.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Jack Sparks, Asst. Atty. Gen., Austin, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is a consolidated appeal from an order of the 155th District Court of Waller County dismissing appellant's suit because the statute of limitations had run before the suit was commenced in Waller County. The lawsuit sought to hold appellees liable under the Texas Tort Claims Act for the death of appellant's son, Mark Anthony Brown.

Mark Anthony Brown was a student athlete at Prairie View A & M University. On the first day of football practice Brown became ill and died the next day, August 20, 1976, in Hemstead, Waller County, Texas. Appellant filed suit under the Texas Tort Claims Act in Harris County on July 29, 1977. In that lawsuit Dr. W.J. Parker, Prairie View A & M University, Dr. S.C. Walker and the appellees were named as defendants. Dr. Parker, a resident of Harris County, performed a physical examination of Brown before he entered Prairie View A & M University. Parker was dis-

missed by agreement from the lawsuit filed in Harris County. On October 4, 1978, the 61st District Court of Harris County attempted to transfer the lawsuit to Waller County. In Waller County, the remaining defendants moved for dismissal which was granted by the Waller County District Court. Appellant appealed the dismissal.

In a previous opinion by this court, the appeal as to Prairie View A & M University was dismissed due to appellant's failure to file the transcript timely. *Brown v. Prairie View A & M University*, 630 S.W.2d 405 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). In that opinion, it was held that "... although the Harris County District Court had no authority to transfer the cause of action, the Waller County District Court did acquire jurisdiction..." when appellant on April 2, 1979 filed an amended petition with the Waller County District Court. *Id.* at 410. On that basis, the dismissal of Owens, Waller County and Waller County Hospital was reversed. However, the issue of whether the cause of action was barred by the statute of limitations was not then decided because that issue was not the basis of the trial court's order of dismissal.

After remand, appellee Owens filed a Motion for Summary Judgment and an Amended Plea in Abatement and Motion to Dismiss. Appellees Waller County Hospital and Waller County filed a Motion for Summary Judgment and a Motion to Dismiss. The motions were, at least in part, based upon the running of the statute of limitations before the suit was commenced in Waller County. The motions were granted and orders were entered dismissing appellees. The dismissal of Waller County and Waller County Hospital form the basis of one appeal and the dismissal of Dr. Owens forms the basis of a separate appeal. We have consolidated the two appeals for consideration.

In each appeal appellant brings two points of error and several subpoints complaining of the orders granting dismissal. In the first subpoint of error in each appeal, appellant argues that Harris County had

jurisdiction over the lawsuit under section five of the Texas Tort Claims Act because a part of the cause of action arose in Harris County. Section five of the act provides:

All cases arising under the provisions of this Act shall be instituted in the county in which the cause of action or a part thereof arises. TEX.REV.CIV.STAT. ANN. art. 6252–19, § 5 (Vernon 1970)

Appellant claims that because the deceased received a medical examination from Dr. Parker in Harris County, a part of the cause of action arose there, thereby conferring jurisdiction under the Act in Harris County. We disagree.

■■■ The phrase "the cause of action or a part thereof" as used in section five refers to a cause of action or part thereof arising under the provisions of the Texas Tort Claims Act. When he provided the physical examination in Harris County, Dr. Parker was not acting as a governmental agent or employee and his actions cannot be the basis of a cause of action or a part thereof under the Act. The only acts or omissions by governmental agents or governmental subdivisions alleged by appellant that could be the basis of liability under the Act occurred in Waller County. Therefore, neither the cause of action nor part thereof based upon the Act arose in Harris County.

The case of *Jenkins v. State*, 570 S.W.2d 175 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ) cited by appellant is clearly distinguishable. In that case the plaintiff alleged that he had received negligent medical treatment while he was incarcerated in three different penal institutions. Plaintiff alleged, in his petition, that the injuries occurred in Harris and Waller Counties. This court, in reviewing the trial court's judgment sustaining a plea in abatement for want of jurisdiction, found that upon the pleadings it was reasonable to infer that a part of plaintiff's cause of action arose in Harris County and that the trial court erred in sustaining the plea in abatement. However, *Jenkins* differs from our facts because in that case the plaintiff alleged that the actions in both Walker and Harris Counties that formed his cause of

action where committed by governmental agents or agencies. On our facts, appellant complains of the conduct of both governmental and private parties. The only allegedly negligent act that took place in Harris County was performed by a private person. We hold, for the reasons stated above, that no part of the cause of action under the act arose in Harris County and upon that basis Harris County had no jurisdiction over the suit.

In the face of this court's prior finding to the contrary, by the second subpoint of error in each appeal appellant argues that section five of the Texas Tort Claims Act is not a jurisdictional provision but is rather a non-exclusive waivable venue provision.

■■■ The previous opinion by this court in this case directly found that section five of the Act was a jurisdictional provision and that the Harris County District Court had no jurisdiction over the cause of action. *Brown* at 409. Those prior determinations of questions of law carry the authority of the law of the case. The doctrine of the law of the case is that a ruling of an appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings in the same case. *Houston Endowment, Inc. v. City of Houston*, 468 S.W.2d 540 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Matters of law that were directly passed upon or which were in effect disposed of on a former appeal to a Court of Appeals will not be again passed upon by that court. *Barrows v. Ezer*, 624 S.W.2d 613 (Tex.App.—Houston [14th Dist.] 1981, no writ). *Allied Finance Company v. Shaw*, 373 S.W.2d 100 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.). The question of whether section five of the Act is jurisdictional was directly decided by this court and we decline to decide that issue again. The appellant's second subpoint of error is overruled.

■■■ Both appeals contain as the third subpoint of error that the 60 day grace period of Article 5539a should apply and prevent the running of the statute of limitations. This defense to the running of the statute of limitations is raised for the first

time on appeal and we will not consider it as a basis of reversal. TEX.R.CIV.P. 166–A(c); *Klafehn v. Fain,* 643 S.W.2d 227 (Tex. App.—Fort Worth 1982, no writ).

■ In the fourth point of error in the appeal of the dismissal of Waller County and Waller County Hospital, appellant argues that this suit was commenced within the meaning of the statute of limitations by the filing of the Original Petition in Harris County or by petitioning the legislature for a waiver of the state's sovereign immunity. As stated above, this court earlier found that the Harris County District Court had no jurisdiction over this cause of action. We hold that the filing of a petition in a court that has no jurisdiction is not the commencing of a suit within the meaning of the statute of limitations.

■ Before the adoption of the Texas Tort Claims Act it was necessary for an injured person to obtain permission from the legislature before the injured person could bring suit against the state or its political subdivisions. However, section four of the Texas Tort Claims Act makes the seeking of individualized permission to sue the state unnecessary. Section four provides in part that "... permission is hereby granted by the Legislature to all claimants to bring suit against the State of Texas, or any and all other units of government covered by this Act, for all claims arising hereunder." TEX.REV.CIV.STAT. ANN. art. 6252–19 § 4 (Vernon 1970). Since the legislature had already given litigants permission to sue the state when it adopted section four of the Act, the obtaining of permission from the legislature by appellant was an irrelevant act and it did not serve to commence the suit within the meaning of the statute of limitations. In Texas a civil suit in the district court is commenced by a petition filed in the office of the clerk. TEX.R.CIV.P. 22. Appellant's subpoint of error is overruled.

■ Appellant's eighth subpoint of error in the appeal of the dismissal of Dr. Owens is that the affidavit supporting the Motion for Summary Judgment sustained by the trial court was deficient. A defendant may, at any time, move with or without supporting affidavits for a summary judgment in his favor. TEX.R.CIV.P. 166–A(b). Assuming that the affidavit of Dr. Owens was deficient, if there is a basis for granting the Motion that does not depend on the deficient affidavit, the granting of the Motion for Summary Judgment will not be reversed on appeal. Affidavits need not comply with Rule 166–A(e) if the affidavits need not be given consideration in a summary judgment proceeding. *See generally Watson v. Druid Hills Company,* 355 S.W.2d 65 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). As to the issue of whether appellant's claims where barred by the statute of limitations, there were no genuine issues as to any material facts and the trial court could grant the Motion for Summary Judgment on this question of law by referring to the relevant dates involved without reference to the affidavit of Owens. Assuming that the affidavit was defective, the error complained of was harmless. TEX.R. CIV.P. 434.

The remainder of appellant's subpoints of error deal with alternative grounds for the granting of the dismissal of appellees. Because the running of the statute of limitations is an adequate independent ground for the dismissal of appellees, appellant's remaining subpoints of error need not be addressed.

The judgments are affirmed.