Affirmed and Opinion filed June 6, 2002









Affirmed and Opinion filed June 6, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00976-CV

____________

 

HENRY DALEHITE, INDIVIDUALLY AND AS INDEPENDENT
EXECUTOR OF VIRGINIA DALEHITE ESTATE, ELLEN DALEHITE WEDELL, ANNE DALEHITE
SLITTER, CHARLES R. DALEHITE, and HENRY DALEHITE, III, Appellants

 

V.

 

HARING J. NAUTA, M.D., Appellee

 



 

On Appeal from the
56th District Court

Galveston
County, Texas

Trial Court Cause
No. 97-CV-0059

 



 

O P I N I
O N

Appellants
Henry Dalehite (individually and as independent
executor of the Virginia Dalehite Estate), Ellen Dalehite Wedell, Anne Dalehite Slitter, Charles R. Dalehite,
and Henry Dalehite, III (Athe Dalehites@), appeal from a summary judgment
granted against them in favor of appellee Haring J. Nauta, M.D. Because we find Dr. Nauta
is entitled by statute to the protections of governmental immunity, we affirm.

 








                                                           The
UTMB Judgment           

Virginia
Dalehite died shortly after an operation by Dr. Nauta, a neurosurgeon, for treatment of a cerebral
aneurysm.  The Dalehites
sued him and the University of Texas Medical Branch at Galveston (UTMB) for
wrongful death. The trial court granted UTMB=s plea to the jurisdiction based on
governmental immunity and severed it from this case.  No appeal appears to have been taken.

Thereafter,
Dr. Nauta moved for summary judgment alleging that
the judgment in favor of UTMB, a governmental unit, bars any action against him
as its employee.  See Tex. Civ. Prac. & Rem. Code  ' 101.106.  The Dalehites cite
authority from this Court that an order granting a plea to the jurisdiction is
not a judgment on the merits, and thus cannot form the basis of a governmental
employee=s immunity motion.  See Brown v. Prairie View A & M
University, 630 S.W.2d 405 (Tex. App. B Houston [14th Dist.]
1982, writ ref=d  n.r.e.) (holding
university employees were not entitled to immunity when university was
dismissed for want of jurisdiction).  But
since Brown, the Texas Supreme Court has held just the opposite on
several occasions.  See
Dallas County Mental Health and Mental Retardation v. Bossley,
968 S.W.2d 339, 343 (Tex. 1998); Newman v. Obersteller,
960 S.W.2d 621, 622 (Tex. 1997) (both cases construing '
101.106 to require dismissal of claims against governmental employees when
claims against their governmental employer are dismissed on immunity grounds).  We must follow the higher court. 

                                                  Doctor=s Status as an Employee








But the Dalehites argue that Dr. Nauta
was not  a UTMB
employee.  The Act defines an employee as
Aa person, including an officer or
agent, who is in the paid services of a governmental unit by competent
authority, but does not include an independent contractor, an agent or employee
of an independent contractor, or a person who performs tasks the details of
which the governmental unit does not have the legal right to control.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 101.001(1). The Dalehites
argue section 101.106 is inapplicable, as UTMB does not have the legal right to
control Dr. Nauta=s surgeries.  

As an
initial matter, the Dalehites complain that Dr. Nauta=s supplemental evidence was untimely.  His initial summary judgment evidence
consisted only of his own answer to an interrogatory stating that he was an
employee of UTMB when he operated on Virginia Dalehite.  Generally, a party cannot rely on its own
answer to an interrogatory as summary judgment evidence.  Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000).  

Dr. Nauta=s motion for summary judgment was set for hearing on February
17, 2000.  On February 14th, he moved to
supplement the summary judgment record with excerpts from the deposition of a
UTMB administrator regarding details of his employment.  No order granting leave appears in the
record, but the trial court=s docket sheet reflects the summary judgment hearing was
reset to March 30th, and not granted until May 5th. As a result, Dr.
Nauta=s evidence was timely filed. 
See Tex. R. Civ. P. 166a(d).

It
appears from a number of cases that most Texas courts assume that physicians
employed by a government hospital are included within section 101.106. See Reynosa v. University of Texas Health Science Center at San
Antonio, 57 S.W.3d 442, 444 (Tex. App.CSan Antonio 2001, pet. denied); Bossley, 968 S.W.2d at 343-44; Gonzalez v.
El Paso Hosp. Dist., 940 S.W.2d 793, 794-95 (Tex. App.CEl Paso 1997, no writ); Cox v. Klug, 855 S.W.2d 276, 280 (Tex. App.CAmarillo 1993, no writ); compare
Smith v. Altman, 26 S.W.3d 705, 710 (Tex. App.CWaco 2000, pet. dism=d w.o.j.) (holding doctor was not employee of government hospital when
her contract stated  she Ashall not be deemed to be an employee
of facility for any purpose whatsoever.@). 
But the Dalehites argue that none of these
courts analyzed the factors that distinguish employees from independent
contractors, and urge us to do so here.








A worker
is an employee rather than an independent contractor if the employer has the
right to control the progress, details, and methods of operations of the work,
considering: (1) the independent nature of the worker's business; (2) the
worker's obligation to furnish necessary tools, supplies, and materials to
perform the job; (3) the worker's right to control the progress of the work
except about final results; (4) the time for which the worker is employed; and
(5) the method of payment, whether by unit of time or by the job.  SeeLimestone Products Distribution, Inc. v. McNamara, 71 S.W.3d 308, 312 (Tex. 2002). 

The
summary judgment record here shows that Dr. Nauta was
chairman of the UTMB 
department of neurosurgery; worked full-time as a professor of
neurosurgery, treating patients and instructing medical students at UTMB;
signed an employment contract, was paid a salary, and provided with employee
benefits and insurance; and received an office, support staff, and equipment
necessary to do his work from UTMB. Appellants themselves alleged in their
petition that Nauta was an employee of UTMB, so that
UTMB was liable for his actions.  We find
the undisputed summary judgment evidence establishes that Nauta
was an employee of UTMB.[1]

While
UTMB did not control the details of the diagnosis or treatment performed by Dr.
Nauta, the Dalehites= argument that this makes him an
independent contractor proves too much. 
If their argument were correct, then no physician could ever be an
employee, not even via ostensible agency. 
But see Baptist Memorial Hospital System v. Sampson,  969 S.W.2d 945, 949
(Tex. 1998).  Moreover, government
workers exercising any kind of discretionary judgment (such as legislators,
judges, and many others) could never be Aemployees,@ and thus never immune from
suit.  This would make the statute of
little effect.  See Tex. Gov=t Code' 311.021(2) (stating entire statute
must be presumed to be effective); City of LaPorte
v. Barfield, 898 S.W.2d 288, 292 (Tex. 1995) (holding statutes should not
be construed to make them pointless).  








Appellant=s two points of error attacking the
summary judgment are overruled, and the judgment is affirmed. 

 

 

 

/s/        Scott Brister

Chief
Justice

 

 

 

 

Judgment rendered and Opinion filed June 6, 2002.

Panel consists of Chief Justice Brister
and Justices Fowler and Seymore.

Publish C Tex. R. App. P. 47.3(b).

 

 











[1]     Compare Xeller v.
Locke, 37 S.W.3d 95 (Tex. App. B Houston
[14th Dist.] 2000, pet. denied) (holding physician who acted as
designated worker=s compensation examiner, who was paid a fee for each
examination rather than a salary, who used his own office and equipment, and
maintained a medical practice separate from such services, was not an
employee); Thomas v. Harris County, 30 S.W.3d 51 (Tex. App. B Houston [1st Dist.] 2000, no pet.) (holding physicians who treated inmates at county jail were
not county employees as county merely contracted with their employer for
medical services, and they were paid by the employer rather than county).