In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00057-CV
______________________________


JOAN CAROL ELLIS ROBERTS, Appellant
 
V.
 
DR. MILAS ELDON DAVIS, JR., AND 
DR. GEORGE ALAN AYDELOTT, Appellees


                                              

On Appeal from the 76th Judicial District Court
Titus County, Texas
Trial Court No. 30331


                                                 



Before Ross, Carter, and Cornelius, *JJ.
Opinion by Justice Cornelius

__________________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N

            Joan Carol Ellis Roberts appeals from an adverse summary judgment in her libel suit against
Dr. Milas Eldon Davis, Jr., and Dr. George Alan Aydelott.
            Roberts was employed as a CAT Scan technician in the radiology department of Titus
Regional Medical Center in Mount Pleasant, Texas. Doctors Davis and Aydelott were staff
radiologists under contract with the medical center. The doctors became concerned about Roberts'
performance, work habits, and attitudes, and they reported these concerns and their complaints to
the medical center's administrators on several occasions. Roberts, in turn, initiated several
administrative and judicial proceedings against the doctors. The doctors made specific complaints
about Roberts in two letters. The other was dated March 7, 2002, and was signed by both Dr. Davis
and Dr. Aydelott. One was dated April 9, 2001, and was signed only by Dr. Davis. Both letters were
addressed to George Burns, director of radiology of the medical center. Both letters are attached to
this opinion as appendices.
            The doctors filed a joint motion for summary judgment. They attached to their motion copies
of the two letters written to Burns, as well as other summary judgment evidence consisting of various
documents and affidavits of their own as well as an affidavit of Gene Lott, director of human
resources of the medical center. The only specific grounds for summary judgment raised by the
doctors in their motion were (1) limitations barred Roberts' suit; (2) the letters are not defamatory,
including the defense that the contents are true; and (3) the statements by the doctors were protected
by qualified privilege.
            Roberts responded to the doctors' motion for summary judgment. Her response controverted
the three main issues raised by the doctors in their motion, and also raised some procedural errors
she alleged would make summary judgment erroneous. Roberts supported her response by summary
judgment evidence consisting of documents and affidavits of various persons, including her own
affidavit. The trial court granted the doctors' motion in a general order that did not state the specific
reasons for the judgment.
            On appeal Roberts contends the trial court erred in: overruling her special exceptions to the
doctors' affidavits; modifying the judgment after it was initially rendered, including the addition of
a recovery of costs to the doctors; rendering a judgment that fails to state it is based on the pleadings;
and granting summary judgment overruling Roberts' objections to the doctors' affidavits. Roberts
also contends the trial court erred in granting summary judgment because the doctors failed to
conclusively prove by competent summary judgment evidence that limitations barred her suit; or that
the letters were not defamatory; or that qualified privilege applied to the contents of the letters.
            Defendants moving for summary judgment are entitled to judgment only if the summary
judgment evidence conclusively disproves one or more essential elements of the plaintiff's causes
of action, or conclusively establishes one of the defendant's affirmative defenses. Friendswood Dev.
Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996).
            We will first address Roberts' procedural complaints. Roberts complains of the trial court's
overruling of her special exceptions to the affidavits the doctors attached to their motion for
summary judgment. Roberts contends the affidavits were conclusory and based on hearsay rather
than on facts. We find that the trial court properly overruled Roberts' objections. The affidavits
contain sufficient statements of facts to at least raise fact questions as to the issues in controversy. 
If some of the statements in the affidavits are conclusions or are based on hearsay, the error is
harmless because sufficient statements of facts remain to support the summary judgment. See Brown
v. Owens, 663 S.W.2d 30, 34 (Tex. App.—Houston [14th Dist.] 1983), rev'd in part on other
grounds, 674 S.W.2d 748 (Tex. 1984); Watson v. Druid Hills Co., 355 S.W.2d 65, 68 (Tex.
App.—Dallas 1962, writ ref'd n.r.e.).
            The trial court's modification of the judgment, including the award of costs, was not error. 
The modification was made while the trial court retained plenary power over the judgment. Owens-Corning Fiberglas Corp. v. Wasiak, 883 S.W.2d 402, 406 (Tex. App.—Austin 1994, no writ). The
inclusion of an award of costs in the modified judgment was not error. Rule 131 of the Texas Rules
of Civil Procedure provides that "the successful party to a suit shall recover from his adversary all
costs incurred therein." Tex. R. Civ. P. 131. An additional hearing on the award was not necessary
in this instance. And, although the judgment must be based on the pleadings, there is no requirement
that the judgment state in express terms that it is so based. Tex. R. Civ. P. 301.
            When an order granting summary judgment is in general terms and does not state the specific
grounds on which it is based, the summary judgment may properly be sustained on appeal only on
a ground or grounds that are expressly raised in the motion for summary judgment or a response
thereto. Tex. R. Civ. P. 166a(c); Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992); Oden
v. Marrs, 880 S.W.2d 451, 454 (Tex. App.—Texarkana 1994, no writ). Thus, the summary
judgment here can be sustained only if the summary judgment evidence conclusively proves that
Roberts' suit is barred by limitations, or the letters are not defamatory, or if they are defamatory, the
statements made therein are protected by qualified privilege.
            The summary judgment evidence does not conclusively prove that Roberts' suit is barred by
limitations. The statute of limitations applicable to libel is one year. Tex. Civ. Prac. & Rem. Code
Ann. § 16.002(a) (Vernon 2002). A cause of action for libel accrues on the date of the publication
alleged to be defamatory. Ellert v. Lutz, 930 S.W.2d 152, 156 (Tex. App.—Dallas 1996, no writ). 
The letters involved here were written April 9, 2001, and March 7, 2002, respectively. Roberts' suit
was filed March 10, 2003. Thus, unless the discovery rule operates to defer the beginning of the
limitations period, limitations ran on Roberts' suit March 7, 2003, before her suit was filed.
            The discovery rule in libel cases applies when the publication is inherently undiscoverable,
and it operates to defer the beginning of the limitations period until the plaintiff actually discovers
the libel, or by the exercise of reasonable diligence should have discovered it. Kelley v. Rinkle, 532
S.W.2d 947 (Tex. 1976). In a summary judgment context where limitations is an issue, the movant
for summary judgment has the burden to conclusively establish that the discovery rule does not
apply.
            The doctors' summary judgment evidence supporting limitations relies on evidence that the
allegedly libelous letters were in Roberts' personnel files, and on evidence that Roberts had an
opportunity to review the letter of Dr. Davis at a counseling session June 7, 2001. Roberts' summary
judgment evidence contradicts these allegations and states she did not know of the defamatory
statements or the letter until she first saw the letters in April or May of 2002. Similarly, the summary
judgment evidence does not show when the letters were placed in Roberts' personnel file. There is
therefore no summary judgment proof that, even if Roberts had searched her personnel files, she
would have known about the letters before April or May of 2002, when she contends she first saw
the letters. We conclude from the summary judgment evidence the doctors failed to conclusively
prove that the discovery rule did not apply, and failed to conclusively prove that limitations barred
Roberts' suit. The summary judgment cannot be upheld on the basis of limitations.
            The doctors also moved for summary judgment on the ground that the letters were not
defamatory. Defamation in written form is libel. Libel is defined as:
A libel is a defamation expressed in written or other graphic form that tends to
blacken the memory of the dead, or that tends to injure a living person's reputation
and thereby expose the person to public hatred, contempt or ridicule, or financial
injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish
the natural defects of anyone and thereby expose the person to public hatred, ridicule,
or financial injury.
Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (Vernon 1997).
            Whether a statement is reasonably capable of a defamatory meaning, and whether a statement
is an opinion or a statement of fact, are questions of law for the court. Musser v. Smith Protective
Serv., Inc., 723 S.W.2d 653, 654 (Tex. 1987). But if a statement's meaning is ambiguous, the
question whether it is defamatory is one for the jury. Id. To sustain the summary judgment on the
basis that the letters were not defamatory, the doctors here must have proven by uncontroverted
summary judgment evidence that the letters are not defamatory.
            We find that the letter of March 7, 2002, signed by Dr. Aydelott and Dr. Davis, as a matter
of law is not defamatory. As can be seen by a reading of the letter, it is a critique by Roberts'
supervisors of her job performance. It accuses her of deliberate obstruction and deteriorating
behavior in her work and her relationships with other employees, and suggests that her attitude
contributes to a dysfunctional work situation in the CAT Scan section. The letter does not accuse
her of any crime or question her honesty, integrity, or virtue, and all the criticism is related to her
work, which is a natural and proper concern on the part of an employee's supervisors or employer. 
See Schauer v. Mem'l Care Sys., 856 S.W.2d 437 (Tex. App.—Houston [1st Dist.] 1993, no writ),
partially overruled on other grounds, Huckabee v. Time Warner Entm't Co., L.P., 19 S.W.3d 413,
423 (Tex. 2000). As the letter of March 7, 2002, is not defamatory, the summary judgment as to Dr.
Aydelott will be affirmed.
            We find, however, that the doctors' summary judgment evidence does not conclusively prove
that the letter of April 9, 2001, signed only by Dr. Davis, is not defamatory. Unlike the March 7,
2002, letter, the April 9, 2001, letter accuses Roberts of violations of state and federal law,
repetitious and malicious illegal malpractice, manufacture of false reasons for violating orders, and
illegally practicing medicine. Roberts controverted these charges in her summary judgment
evidence, and we conclude that at least a fact issue is raised as to the defamatory nature of this letter. 
The courts generally hold that falsely accusing a person of criminal conduct is defamatory as a matter
of law. Christy v. Stauffer Pub., Inc., 437 S.W.2d 814 (Tex. 1969).
            The doctors contend the letters are not defamatory because the statements made in them are
true. Substantial truth is a defense to a charge of libel. Doctor Davis' summary judgment evidence,
however, does not assert that the statements in the letter are true or even substantially true. The only
assertion about truth is his statement that, "The information contained in said letters was true and
correct to the best of my knowledge and belief." That statement is an opinion. It is not a statement
that the information is true.


 The summary judgment evidence does not support the summary
judgment on the basis of the truth of the statement.
            The doctors asserted in their motion for summary judgment that qualified privilege applied
to their statements as a matter of law. A qualified privilege extends to statements made in good faith
on a subject in which the maker has an interest or duty, to another person having a corresponding
interest or duty. Dixon v. Southwestern Bell Tel. Co., 607 S.W.2d 240 (Tex. 1980); Leatherman v.
Rangel, 986 S.W.2d 759 (Tex. App.—Texarkana 1993, writ denied); Martin v. Southwestern Elec.
Power Co., 860 S.W.2d 197 (Tex. App.—Texarkana 1993, writ denied). Qualified privilege justifies
the statements if they are made without malice. Dixon v. Southwestern Bell Tel. Co., 607 S.W.2d
at 242; Martin v. Southwestern Elec. Power Co., 860 S.W.2d at 199. The privilege is peculiarly
applicable to communications between employers and employees. The elements of qualified
privilege are good faith, an interest to be upheld, a statement limiting the communication to the
proper scope, a proper occasion, and publication in a proper manner and to proper parties only. 
Martin v. Southwestern Elec. Power Co., 860 S.W.2d at 199. When a defendant in a defamation suit
moves for summary judgment on the basis of qualified privilege, the defendant has the burden of
conclusively proving that the statements were not made with malice.
            The summary judgment evidence here conclusively establishes all of the essential elements
of qualified privilege as to the Davis letter, except lack of malice. Dr. Davis' summary judgment
evidence states that he made the statements solely in an effort to fulfill his duties to the medical
center and its radiological department, and to provide quality care and prevent the endangerment of
the medical center's patients. Roberts' summary judgment evidence, on the other hand, points to the
statements of Dr. Davis charging Roberts with criminal conduct, as well as statements that the
doctors had tried to get Roberts terminated, but she "conned" the administration to prevent her
termination. Dr. Davis further states that Roberts violated orders just to "show us who's boss," and
states he will continue to make such reports "until someone discharges her from employment at
TRMC." These statements are such that a reasonable person could infer they were prompted by
malice. In Roberts' summary judgment evidence, she alleges the charges of criminal conduct are
false and the doctor's statements were motivated by malice. Malice cannot be inferred from the
falsity of the statements alone, Marathon Oil Co. v. Salazar, 682 S.W.2d 624, 631 (Tex.
App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), but malice may be inferred if the statements are
made with knowledge that they are false, or with reckless disregard of their truth. Dr. Davis asserted
in his affidavit that all of the information he put in his letter was true and correct to the best of his
knowledge and belief. That assertion may be sufficient to show a lack of malice if uncontradicted,
but Roberts' summary judgment evidence contradicted it here, thus raising a fact issue on malice. 
Roberts' summary judgment evidence that Dr. Davis made these criminal charges when he had full
knowledge of the circumstances raises an inference that the doctor knew the criminal charges were
false or made them with reckless disregard for their truth. Dr. Davis in his affidavit stated that all
the statements in his letter were "true to the best of my knowledge and belief." Thus, we believe a
fact issue was raised on the issue of malice, and for that reason summary judgment on the basis of
qualified privilege cannot be sustained as to Dr. Davis.
            Because we find the summary judgment evidence proves that the letter of March 7, 2002,
from Dr. Aydelott and Dr. Davis is not defamatory, we affirm the summary judgment as to
Dr. Aydelott. Because we find the summary judgment evidence raises a fact issue whether the letter
of April 9, 2001, from Dr. Davis is defamatory and the summary judgment evidence raises a fact
issue as to Dr. Davis' malice, we reverse the summary judgment as to Dr. Davis. Roberts' cause of
action against Dr. Davis is severed and remanded to the trial court for trial.
 
                                                                                    William J. Cornelius*
                                                                                    Justice

*William J. Cornelius, Chief Justice, Retired, sitting by assignment

Date Submitted:          February 16, 2005
Date Decided:             March 15, 2005